The opinion of the court was delivered by
Tilghman, C. J.
I cannot say that I perceive any error in the opinion of the Court of Common Pleas.. Possession of personal property is the great mark of ownership. It is almost the only index which the world in general has to look to. But there are exceptions. There are certain necessary, and lawful contracts, by which the owner parts with the possession, and yet fraud cannot be presumed. Such are the 'contracts of lending and hiring, both very useful, and without which society could not well exist. It is of the essence of these, that the owner should give up the possession, for a time. Such too, are contracts by which an artisan, or manufacturer, has the possession of materials belonging to another for the purpose of making them up, or repairing them for the owner. No suspicion of fraud can fairly arise, where the transaction is in the usual course of business. But the case is very different where it is intended that the property should be apparently in one, while it is in fact, in another. This is out of they usual course of business, unnecessary, and directly tending to the, injury of those who are not in the secret. In the present'-instance*11 for example, there was a sale of four horses and harness, and pos- • session, delivered to a man who got his living by the use of his 1 team. All the world has a right to suppose that he was the owner of the horses which he drove, and a secret .agreement to the contrary was an injury to society, by giving the wagonner a false credit which might induce others to trust hint with their property. • The cases which have generally been brought before courts of\ justice, are those in which the seller has remained in possession. Those have been adjudged fraudulent. There are.innumerable-''"! authorities on this subject, but I will refer particularly to Clow v. Woods, 5 Serg. & Rawle, 286, and Babb v. Clemson, 10 Serg. & Rawle, 419, because they were in this court, well considered, and recently decided, ihe principle which governed them, was, that j a sale, where possession does not accompany and follow it, is ?j fraudulent as to creditors. It was the separation of the possession *216 from the property which made the fraud ; and the principle ap-j plies to the case before us.y Here the seller did not retain the l possession, but was to retain the pi operty after he had transferred I the possession to the buyer. The mischief is the same — a false I credit is given; and whether given, to the buyer, or seller, is im-j material. Neither is it necessary,.that it should appear, that cre-ydit had been given by a third person inconsequence of the possession of the purchaser. A rule of law so restricted, would be of very little .value.' It rarely occurs that a man can prove, what it "was that induced him to give credit. It is a rule of general policy, which declares possession to be the evidence of property, and the presumption is, that every man is trusted according to the property in his possession. When the plaintiff put his horses into the possession of Michael, he knew that he was making Michael the ostensible owner, and was bound to abide the consequences. Between themselves there is no objection to the property remaining in the plaintiff. But as to the sheriff who knew nothing of the secret condition annexed to the sale, Michael, who was the apparent, is to be considered as the real owner.
I am of opinion that the judgment should be affirmed.
Judgment affirmed.