## Holman *v.* Lock's Administrator.

### *Trover for Conversion of Mortgaged Property.*

1. *Mortgage of personal property by purchaser in possession under executory contract.* — In trover by a mortgagee, against the mortgagor's vendor, for the conversion of a horse, the defendant may show that, by the terms of the contract of sale, the title was to remain in himself until the purchase-money was paid, whether the mortgagee had notice of such contract or not.

2. *Conflicting liens of landlord and mortgagee for advances.* — In trover by the mortgagee of the tenant, against the landlord, for the conversion of the mortgaged crop, the defendant may show that, by the terms of the contract of renting, which were not known to the plaintiff, although he had knowledge of the renting, the tenant was indebted to him for advances, and turned over the crop to him, before the expiration of the term, because he was himself unable to gather it.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. J. McCALEB WILEY.

J. D. GARDNER, for appellant.

B. F. SAFFOLD, J. — The appellee, as the administrator of M. B. Lock, claimed of the appellant damages for the conversion of a sorrel mare named Dolly, and some corn, fodder, cotton, and cotton seed, which E. C. McCaskill had mortgaged to him, on the 17th of February, 1870, for advances to enable him to make a crop during that year. The issue was made on the plea of not guilty.

1. The mortgage given by McCaskill was intended to operate, both as a mortgage, and as a lien for advances to make a crop, under R. C. §§ 1858, 1859, 1860. It recited that the mortgagor was to pay rent to the defendant, for the ninety acres of land on which he proposed to make his crop. The defendant proposed to prove that McCaskill came into the possession of the mare Dolly, under a contract with him, by which she was to remain his property until the fall of the same year, 1870, when, if paid for, she was to belong to McCaskill. The court refused to admit the evidence, unless notice to the

plaintiff of the terms of the contract was also proved. This was error, because the defendant had the right to make such a contract, and the mare did not belong to McCaskill when he mortgaged it.

2. The defendant further offered to prove, that McCaskill was indebted to him for advances to make his crop, under their agreement of renting. The court refused to admit the evidence. This was error, because the plaintiff was apprised of a contract of renting between these parties by his mortgage, and he must be charged with notice of its terms.

He next offered to prove what contract he had made with McCaskill about the rent of land to him ; and, also, that McCaskill had turned his crop over to him, after the 8th of December, 1870, because he could not gather it. The court rejected the evidence. This was error, because it tended to show that he had not converted any property belonging to the plaintiff.

The judgment is reversed, and the cause remanded.