## ˙Sumner v. Woods.

### Detinue for Sewing-machine.

*Action by owner, against purchaser from stranger in possession, without title; what necessary to defeat.* — A purchaser of a sewing-machine from one in possession, but without title, cannot defeat a recovery by the owner, unless he shows a *bonâ fide* purchase, for valuable consideration, without notice.

APPEAL from Circuit Court of Calhoun.

Tried before Hon. W. L. WHITLOCK.

Detinue by Sumner against Woods to recover a sewing-machine. Sumner had previously delivered the machine to one J. W. Smith, then residing in Calhoun county, who executed four promissory notes therefor on 22d January, 1873, falling due respectively four, eight, twelve, and eighteen months after date. Each of these notes states that it was given for value received, and is payable only on presentation, subject to the conditions on the margin of the notes. This condition is thus expressed on the first three : " It is agreed between the maker of this note and A. Sumner that the Wheeler & Wilson sewing-machine for the use of which, to the maturity thereof, this note is given, is and shall remain the property of A. Sumner, and that in default of payment said machine shall be returned to said Sumner,˙his agent, or attorney." The condition on the fourth note is, that "the machine for the use of which, to the maturity thereof, this note is given, shall, upon payment of this and all prior notes given for the use of said machine, become the property of the maker of the note." Suit was commenced July 7th, 1873. Sumner offered these notes in evidence, in connection with proof that Smith had paid none of them in full, and had made only a small partial payment on one of them, and that the machine was in possession of the defendant, who, on demand, refused to deliver it up. Defendant testified that he bought the machine from one Dunn, who resided at Patona, in Calhoun county, and paid him sixty-five dollars in cash for it. This was all the evidence. The court, of its own motion, charged the jury that the plaintiff could not recover " unless the notes and agreements were properly recorded in the office of the probate judge of Calhoun county, and that there being no proof of such recording they could not find for the plaintiff."

The plaintiff excepted to this charge, and here assigns it for error.

TURNLEY & SON, for appellant.—The transaction was but a conditional sale, the title not passing until the agreement was

[Sumner v. Woods.]

performed. 2 Ala. 542. The only way in which a purchaser can get title, where his vendor had none, is by a *bonâ fide* purchase for valuable consideration without notice. According to our decisions the burden is on the purchaser to show this. The charge given reverses this rule and puts this burden on the owner. It is, therefore, erroneous, even if the proof shows Woods to be a *bonâ fide* purchaser without notice.

FOSTER & FORNEY, *contra.* — Appellee paid valuable consideration to one in possession claiming ownership. This is sufficient proof of ownership and title. Sumner's notes were not recorded, and there is no evidence showing that appellee was put upon inquiry by anything as to the title to the machine. Appellee was a *bonâ fide* purchaser for value without notice, and his title must prevail over Sumner's. 4 Mass. 405 ; 17 Mass. 605 ; 1 Selden, 41 ; 6 Johns. Ch. 437 ; 1 Paige Ch. 312. By the peculiar terms of the agreement the notes could be paid only on presentation. Until presented and payment refused, Sumner was not entitled to possession. The suit was brought before the second note fell due, and no presentation was proved. In no aspect was plaintiff entitled to recover, and the charge given, if erroneous, is error without injury.

JUDGE, J. — The transaction between Sumner and Smith was not a bailment, but amounted to a conditional sale. The seller did not retain the possession of the property, but was to retain the title to the same, after he had transferred the possession to the buyer. It is well established that when there is a condition precedent attached to a sale, the title will not pass until the condition is performed, unless there be a waiver of its performance by the vendor. *Caraway* v. *Wallace*, 2 Ala. 542. But the great mark of ownership of personal property is *possession ;* and when a contract is made by which it is intended that the property should be apparently in one, while it is in fact in another, the world has a right to suppose that the one in possession is the owner ; and such a contract cannot be set up to the prejudice of *bonâ fide* creditors and purchasers without notice. As has justly been said, " such contracts are out of the usual course of business, unnecessary, and directly tend to the injury of those who are not in the secret." *Martin* v. *Mathiot*, 14 Serg. & Rawle, 214.

In the case before us, the defendant in the court below, after the plaintiff had closed his evidence, testified in his own behalf, that he had bought the machine sued for from " one Dunn," at Patona, in Calhoun county, where Dunn lived at the time, and paid him therefor the sum of sixty-five dollars in cash. This was all the evidence introduced by the defendant. The

[Shelburne v. Letsinger.]

court charged the jury that the plaintiff was not entitled to recover unless the instruments evidencing the contract had been properly recorded in the office of the probate court of Calhoun county. In this the court erred. It was incumbent upon the defendant to show that he was a *bonâ fide* purchaser *without notice*. This he failed to do ; and for the above named error of the court the judgment must be reversed and the cause remanded.