WILLIAM P. JOWERS, plaintiff in error, *vs.* H. & F. BLANDY, defendants in error.

1. Delivery of personalty, on a contract of sale embracing a stipulation that title is to abide in the seller until the price is paid, will not pass the title presently. Such a transaction is a conditional sale, not an absolute sale with a mortgage by the buyer to the seller.
2. Title retained by an agent, as agent, remains in the principal, whether the notes given for the price be payable to the one or the other.

3. Trover is maintainable to recover from the buyer property sold conditionally, if the condition has been broken, and the possession has, thereupon, been demanded and refused. The agent who represented the seller in making the contract and delivering the property, need not sue in his own name. The suit is properly brought in the name of the principal.

4. A non-suit should not be awarded where the plaintiff's evidence is sufficient.

5. A notary public may take an affidavit to hold to bail, and no seal is necessary to his attestation.

6. An oral motion to dismiss the bail element in an action of trover, is not in order while the trial of the main case is proceeding before the jury, especially if the ground of the motion is not verified by the record itself, but requires extrinsic evidence to establish it.

Trover. Sales. Title. Mortgage. Principal and Agent. Contracts. Bail. Affidavit. Notary Public. Seal. Practice in the Superior Court. Before Judge CLARK. Webster Superior Court. September Term, 1876.

H. & F. Blandy brought trover against William P. Jowers for one thirty-horse power portable engine, with its necessary tools and equipments, and one heavily constructed wagon for hauling the same. Bail process was sued out and bond given. The defendant pleaded the general issue, and a special plea not material here.

The evidence for the plaintiffs made the following case :

In October, 1870, one Parker, as the agent of the plaintiffs, sold to defendant the engine and equipments in controversy, for $2,375.00. Defendant was to pay $700.00 in cash on the arrival of the engine at Americus, and $1,675.00 within six months from date of shipment at Zanesville, Ohio. Title was to remain in Parker, as agent, until all the conditions of the sale were complied with, with power and authority to take possession and remove the same in case defendant failed to comply. Parker also agreed to furnish him with one wagon, made expressly for hauling engines, for $140.00. Parker made a memorandum of the terms of the sale at the time it was made, but the contract was to be reduced to writing when the engine arrived. The engine

came, and was taken possession of by defendant. He failed either to make the cash payment, or to come to Macon to sign the contract as he had agreed. Parker sent the following contract to Americus for his signature:

"STATE OF GEORGIA, County of Bibb, City of Macon.

This contract, made and entered into by and between William P. Jowers of the above written state, and county of Sumter, of the one part, and William W. Parker of the above written state, county and city, of the other part: Witnesseth, that on the 15th of October, 1870, said William P. Jowers, for himself, his heirs and assigns, contracted with said Parker, as agent for Messrs. H. & F. Blandy, of Zanesville, Ohio, viz:

The said Parker is to order for the said Jowers, from the said Blandys, one thirty-horse engine for him, the said Jowers, on the following terms, namely: The said Jowers is to pay the sum of $700.00 cash, on arrival of engine, and the balance of $1,675.00 within six months thereafter, with one per cent. per month additional. And the said Parker is to have and to hold all title within himself, as agent, with full power to remove the engine, until paid for in full, and the said Parker is to allow a credit upon the said balance of $1,675.00 for the damaged machinery of the said William P. Jowers' former engine, at the valuation the said Blandys may allow the said Jowers.

(Signed)                          WILLIAM P. JOWERS.
Witnesses:                        W. W. PARKER.
JAMES P. WALKER.
W. J. LAWTON."

This paper was executed January 13th, 1871.

Two notes were at the same time given, payable to the order of Parker, the first for $700.00, to become due on the 12th of the following month; the second for $1,775.50, to become due on the 9th of the following April. These notes the plaintiff offered at the trial to surrender. The wagon was not embraced in this contract because defendant had declined to receive it, as it did not arrive cotemporaneously with the engine. It was then held by Parker, in the care of the railroad agent at Americus, as the property of the plaintiffs. Subsequently defendant took the wagon from the depot without notifying Parker. The necessary tools and equipments were not specified in the contract as they were furnished as a part of the engine. No part of the purchase money had been paid.

There was conflict in the testimony as to the value of the parts of the old engine sent to plaintiffs by defendant, and for which he was to receive credit; also, as to the value of the hire of the property now in dispute.

Demand for such property, and the refusal of defendant to deliver, was shown.

Much other testimony was introduced not material to the questions passed upon.

When the above contract was offered in evidence, the defendant objected to its introduction upon the following grounds : first, because it showed title in Parker, if in any one, and certainly not in the plaintiffs; second, because it was an equitable mortgage, showing the relation of debtor and creditor, and would not justify a recovery in trover.

The court admitted the paper, and the defendant excepted.

When the plaintiffs closed, the defendant submitted a motion for a non-suit upon the following grounds : first, because the evidence did not sustain an action of trover; second, because the contract introduced was an equitable mortgage, and did not show any title in the plaintiffs; third, because said contract did not show any right in plaintiffs to recover in their own names.

The motion was overruled, and the defendant excepted.

The defendant then moved to dismiss the bail proceedings upon the following grounds: first, because the affidavit was made before a notary public, an officer not authorized by law to take an affidavit to hold to bail; second, because there was neither a scroll nor a seal attached to the signature of the notary who appeared to have sworn the affiant; third, because J. A. Ansley, who purported to be the notary public, before whom such affidavit was made, was not at that time occupying such official position.

In support of the last ground the defendant proposed to submit " an exemplification from the superior court of Sumter county, certified to by the clerk of said court."

This evidence the court refused to hear, and overruled the motion. To all of which the defendant excepted.

The jury found for the plaintiffs $2,765.00.

The defendant assigns error upon each of the above grounds of exception.

ALLEN FORT; HAWKINS & HAWKINS; T. H. PICKETT, for plaintiff in error.

S. C. ELAM, for defendants.

BLECKLEY, Judge.

1. When, in a contract for the sale of personal property, it is stipulated that the seller is to retain title until the price is paid in full, the title does not pass by delivery of the property to the purchaser. Such a contract, when reduced to writing and signed by the parties, is not a mortgage— 23 *Ga.*, 205 ; 34 *Ib.*, 494.

2. When the seller is represented in the contract by an agent who retains the title in himself, as agent, the legal effect is to leave the title in his principal. And it makes no difference to whom the notes given for the purchase money are made payable.

3. After default in the buyer in paying the price according to contract, and after demand upon him for the property, and his refusal to return it, the seller may assert his title by action of trover against him. The agent need not sue in his own name ; the action lies in the name of the principal.

4. Under the plaintiffs' evidence, the court did not err in refusing to award a non-suit.

5. Affidavit to require bail in trover may be made, in this state, before a notary public — Code, §1502, par. 4; *Ib.*, §3418. The notary need not attest it under his notarial seal or any other seal. Only *notarial* acts require a seal— Code, §1503.

6. On the trial of an action of trover in which bail has

been required and given, it is not competent for the defendant, while the case is proceeding before the jury, to make a motion orally to the court to dismiss the bail proceeding, and, in support of the motion, to introduce evidence in denial of the official character of the person whose attestation appears officially to the bail affidavit.

Judgment affirmed.