# Sumner v. Woods.

*Detinue for a Sewing Machine.*

1. *Conditional sale; contract held to constitute.*—A contract under which a chattel is delivered to one who executes four promissory notes, to three of which is attached the condition, that the specific chattel "for the use of which to the maturity thereof the notes are given," is and shall remain the property of the payee of the notes, to whom it shall be returned in case of default in payment of the notes, and who agrees, in a condition attached to the fourth note, that "on payment of all the notes, the chattel shall become the property of the payor," does not create a chattel mortgage or a bailment, but is a conditional sale.

2. *Same; right of vendor to recover against innocent sub-purchaser.*—A purchaser of personal property from one holding possession under such a conditional sale, acquires only the conditional title of his vendor, and cannot defeat a recovery in detinue brought by the original vendor, even though he shows a *bona fide* purchase for value and without notice.

3. *Cases overruled.*—The statement in *Sumner v. Woods*, 52 Ala. 572, as to the rights of a *bona fide* purchaser of the property in controversy here, is a mere *dictum*, that is contrary to the weight of authority and to the previous decision of this court in *Holman v. Lock*, 51 Ala. 287. That case, and the case of *Dudley v. Abner*, 52 Ala. 572, so far as they conflict with the principles decided in this case, are overruled.

APPEAL from the Circuit Court of Calhoun.
Tried before Hon. W. L. WHITLOCK.

On January 22d, 1873, Sumner, the appellant, delivered a sewing machine to J. W. Smith, taking from him four promissory notes, payable at four, eight, twelve and eighteen months after date.  To three of these notes a condition was attached, which was as follows : " It is agreed between the maker of this note and A. Sumner, that the Wheeler & Wilson Sewing Machine No. 695,688, for the use of which to the maturity thereof this note is given, is and shall remain the property of A. Sumner ; and in default of payment thereof, said machine shall be returned to said Sumner, his agent or attorney."   The condition attached to the fourth note was as follows, viz : " It is agreed between A. Sumner and the maker of this note, that the Wheeler & Wilson Sewing Machine No. 695,688, for the use of which to the maturity thereof this note is given, shall, upon the payment of this and all four notes given for the use of said machine, become the property of the maker of this note."   The notes were not paid.   In 1873, Bill Wood, who had no notice of Sumner's claim, bought the machine from one Dunn, who claimed to own it and who had it in his possession.   He paid Dunn sixty-five dollars in cash for it.   Sumner demanded the machine of Wood, who refused to give it up ; and he thereupon brought this action of detinue to recover it.   The court, of its own motion, charged the jury, that if they believed from the evidence "that the defendant, Bill Wood, purchased the machine in dispute from Dunn, and paid sixty-five dollars cash therefor, and that he had no knowledge or notice that the plaintiff had any claim against the machine, that the defendant would be an innocent and bona fide purchaser without notice and for a valuable consideration, and plaintiff could not recover ; and that if plaintiff delivered the machine in controversy to the purchaser under the notes read to the jury, it was a waiver by the plaintiff to the right to the performance of the condition precedent in said contract mentioned, and plaintiff could not recover." There was a verdict for defendant.   The charge of the court and the rendition of judgment in favor of appellee is assigned as error.

M. J. TURNLEY, with whom was CLOPTON, HERBERT & CHAMBERS, for appellant.—The contract in this case was either a bailment—a locatio rei—or it was a conditional sale.  Sumner never parted with the title to the property, but, on the contrary, expressly stipulated that it should remain in him until payment of the notes.  He can, therefore, recover the machine wherever found, even in the hands of an innocent bona fide purchaser without notice.—40 N. Y. 314 ; 15 N. Y. 409 ;  32 Me. 164 ; 55 Me. 113 ; 8 N. H. 325 ; 42 N. H. 386 ;

[Sumner v. Woods.]

8 Vt. 203 ; 4 Vt. 203 ; 14 Vt. 367 ; 18 Vt. 182 ; 41 Vt. 131 ;
3 Gray, 545 ; 8 Gray, 157 ; 15 Gray, 225 ; 2 Pick. 512 ; 4 Mass.
405 ; 98 Mass. 144 ; 15 Conn. 384 ; 24 Conn. 427 ; 29 Conn.
51 ; 15 B. Mon. 555 ; 4 Iredell, 48 ; 10 Iredell, 176 ; 12 Ire-
dell, 268 ; 9 Ala. 25 ; 23 Ga. 205 ; 13 Ill. 614 ; 32 Ill. 411 ;
36 Mo. 419 ; 4 Mo. 326 ; 36 Cal. 151 ; 10 C. B. (Eng.) 381 ;
17 Tex. 661 ; 8 Iowa, 331 ; 9 Iowa, 91 ; 15 Iowa, 227 ; 1 Wis.
14 ; 9 Wis. 152 ; 3 Head, 84 ; 7 Yerg. 497 ; 11 Humph. 50 ;
3 Sneed, 524 ; 4 Sneed, 237 ; Story on Sales, 313. This ques-
tion was not properly before the court when this case was
formerly decided here. The case in 14 Serg. & Rawle can
not outweigh the numerous authorities we have cited above.
Possession is only *prima facie* evidence of title, which may
be rebutted by sufficient proof. The report of this case in
52 Ala. 94, commits the court to a position which we contest.
The doctrine in regard to the protection of *bona fide* pur-
chasers for value and without notice, is not applicable to cases
like this, and the court erred in its charge.

W. H. FORNEY, for appellee. (No brief on file).

SOMERVILLE, J.—In *Sumner v. Woods*, 52 Ala. 94, the
written contract between the appellant, Sumner, and the ap-
pellee, Woods, was construed by this court, when the case
was here once before this, on appeal. It was there properly
declared to be a conditional sale, and not a mere bailment, or
chattel mortgage. The question as to the rights of a *bona
fide* purchaser of the property in suit did not properly arise
in that case, and was unnecessarily stated, being a *dictum*
uttered without proper consideration, and entirely opposed
not only to the weight of authority, but to a previous deci-
sion of this court, in *Holman v. Lock's Adm'r*, 51 Ala. 287,
where it was expressly held, that, in a case of conditional
sale, the title under the terms of the contract remaining in
the vendor until payment of the purchase-money, the con-
ditional vendor of a horse could recover in trover against a
mortgagee without notice.

In *Dudley v. Abner*, 52 Ala. 572, Mr. Justice MANNING held
such a contract to be a parol chattel mortgage, void as to
*bona fide* purchasers and creditors of the vendee under the
influence of our statutes requiring conveyances of personal
property to be recorded in the office of the judge of probate.
The other two judges concurred in the view, that the trans-
action was a conditional sale, void as against *bona fide* pur-
chasers without reference to the registration laws.

In view of this conflict between the past adjudications of

[Sumner v. Woods.]

this court, we feel impelled to follow the weight of authority, which is in full accord also with the weight of reason.

We consider it settled by an overwhelming preponderance of the decisions, that, where there is an express stipulation in the sale of personal property, that the property shall not be the vendee's until the price is paid, the title does not pass, the transaction being a mere conditional sale. And that a *bona fide* purchaser of such property acquires only the conditional title of his vendor, and cannot be protected against recovery on suit brought by the original vendor and owner of the legal title. The fact that the first purchaser, or second vendor, was at the time of sale in possession of the property does not change the principle. It is a question of right and not notice, and the maxim of *caveat emptor* applies with as much force as in cases of ordinary bailments. The principle, of course, does not obtain where the condition has been expressly or impliedly waived by the vendor, or he has done or suffered anything by reason of which the purchaser from the vendee has been misled.—Benj. on Sales, § 320, note (d); *Ketchum v. Brennan*, 53 Miss. 596; *Ballard v. Burgert*, 40 N. Y. 314; *Bigelow v. Huntley*, 8 Vt. 151; *Sargeant v. Metcalf*, 5 Gray, 506; *Hart v. Carpenter*, 24 Conn. 427; *Price v. Jones*, 3 Head, (Tenn.) 84; *McFarland v. Farmer*, 42 N. H. 386; *Griffin v. Pugh*, 44 Mo. 326; 1 Pars. on Cont. 537, and notes; Story on Sales, § 313; 2 Kent, 768-9; *Bailey v. Harris*, 8 (Clarke), Iowa, 331; *Jowers v. Blandy*, 58 Ga. 379; *Carroll v. Wiggins*, 30 Ark. 402; 5 Waite's Act. and Def. p. 547, § 15.

Holding these views, we feel constrained to overrule the conclusions reached in *Sumner v. Woods*, 52 Ala. 94, and in *Dudley v. Abner*, 52 Ala. 572, so far as those cases conflict with the above well established principle, as once before decided by this court in *Holman v. Lock's Adm'r*, 51 Ala. 287, which latter case has never been expressly overruled.

The charge given by the court below was erroneous, and the judgment is reversed and the cause remanded.