JAMES H. GILBERT

*v.*

THE NATIONAL CASH REGISTER COMPANY.

*Opinion filed October 24, 1898—Rehearing denied December 8, 1898.*

1. MORTGAGES—*omission of county from caption does not invalidate acknowledgment.* . The omission of the name of the county from the caption to an acknowledgment of a chattel mortgage taken by a justice of the peace of a town does not invalidate the acknowledgment, as a court will take judicial notice of the incorporated towns and also of the names of the justices of the peace in its county.

2. SAME—*party acknowledging mortgage is presumed to be a resident.* Where an acknowledgment of a chattel mortgage before a justice of the peace of an incorporated town contains the words "acknowledged before me by" the mortgagor, "and entered by me," etc., it will be presumed that the mortgagor was a resident of the town where the acknowledgment was taken and that the justice performed his duty as to entering the mortgage.

3. SAME—*instrument construed as a conditional sale, and not as a mortgage.* A written contract providing that the purchaser shall have possession of the article but that title shall remain in the vendor as security for deferred payments, is a contract of conditional sale and not a chattel mortgage, and the fact that it is acknowledged and recorded as a mortgage is not notice to third persons.

4. DEBTOR AND CREDITOR—*recording contract of conditional sale is no protection as against third persons.* Recording a contract of conditional sale, acknowledged as a chattel mortgage, of an article allowed to remain in the vendee's possession, affords no protection as against a levy thereon by an execution creditor of the vendee or as against *bona fide* purchasers. (*Hooven, etc. Co.* v. *Burdette*, 153 Ill. 672, explained.)

*Gilbert* v. *Nat. Cash Register Co.* 67 Ill. App. 606, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This suit was brought by appellee before William S. Everett, a justice of the peace, to recover from appellant the value of a cash register. Appellee, through its agent, .

took an order for a cash register from one W. H. Luther, which order was dated May 12, 1891, and is as follows:

"CHICAGO, 5/12, 1891.

*"To the National Cash Register Co., Dayton, Ohio:*

"GENTLEMEN—Please ship to me at my place of business, No. 106 Twenty-second street, as soon as practicable, one of your No. 9 registers, as per your illustrated catalogue, said register to be equipped with all the latest improvements. Cabinet to be brass B., denominations of keys to be on blank key indicator, 'No Sale.' On the fulfillment of above I agree to pay you $175.00, viz., $25.00 cash, and give notes for the balance, due monthly, in equal sums of $15.00 each, the undersigned to retain possession of said register until default be made in one or more of said payments, or until you shall feel unsafe or insecure in the premises, in either of which cases, at your option, the whole of said sums shall immediately become due and you shall be entitled to such possession. In the meantime, the title of said register shall remain in you for the security of said payments until the full amount is paid, and in case the undersigned shall default in one or more of said payments the undersigned hereby agrees to forfeit to said The National Cash Register Company, as liquidated damages, all payments made on account of said register, and to at once restore to said company possession of said register, you to keep the register in repair for two years gratis. This contract covers all the agreements between the parties.    W. H. LUTHER. [Seal.]"

This order was signed May 12. The register was thereafter built and delivered June 12. On June 29 the instrument was acknowledged, the certificate of acknowledgment being as follows:

"STATE OF ILLINOIS, ⎰ *ss.*
    ........ *County.* ⎱

"The mortgage was acknowledged before me by W. H. Luther, and entered by me this 29th day of June, A. D. 1891.

"Witness my hand and seal.

THOMAS BRADWELL, [Seal.]
*Justice of the Peace, Town of South Chicago.*"

On June 30, 1891, this instrument was recorded in the recorder's office of Cook county, Illinois. On November 4, 1891, the cash register in question in this suit, with other property of Luther in his place of business on Twenty-

second street, in the city of Chicago, was levied upon by the appellant as sheriff, under an execution duly issued out of the circuit court of Cook county upon a judgment recovered by one Matthews against said Luther, and later on, in November, 1891, the sheriff sold the property so levied upon, including the cash register, which brought $50.00 at the sale. Appellee contends that said instrument is embraced within the statute as to chattel mortgages, and was recordable under the statute relating thereto, and that by virtue of such record appellant had notice of the lien of appellee, and having seized and sold the register, is liable to appellee for the value thereof.

The evidence shows that after the levy was made, and prior to the day of sale, one Kelsey, representing appellee, called upon the deputy sheriff and informed him that there was a mortgage on the register. One Blood testified, on behalf of appellee, that on the day of the sale he showed the deputy sheriff and Edelstein (the purchaser at the sheriff's sale) the aforesaid instrument. The deputy sheriff testified that the instrument was not produced or shown to him at any time; that on the day of sale Blood said to him that he (Blood) could not produce the mortgage because it was at appellee's office, at Dayton, Ohio.

On January 15, 1892, a judgment was rendered by the justice of the peace before whom the case was tried, in favor of appellant, (defendant below,) from which appellee appealed to the circuit court, where, by agreement of the parties, a jury was waived and the case tried by the court. The finding of the court being in favor of appellee, judgment was entered in favor of it, and against appellant, for $175.00 and costs of suit, from which judgment an appeal was prosecuted to the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court and granted a certificate of importance. The present appeal is prosecuted from such judgment of affirmance.

ANSON E. MEANOR, (PERRY A. HULL, of counsel,) for
appellant.

ALBERT H. MEADS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

This was a suit tried by agreement before the judge
of the court below without a jury. No propositions were
submitted to the court by the appellant to be held as
law in the decision of the case. The instrument, set forth
in the statement of facts preceding this opinion, was
offered in evidence by the appellee, and was received in
evidence by the court over the objection of appellant.
The appellant objected to the introduction in evidence
of said instrument, and of the notes therein mentioned,
"upon the ground that they were incompetent, immate-
rial and irrelevant, and upon the ground that the instru-
ment in question was not in any sense a mortgage under
the laws of Illinois, and upon the further ground that
such instrument did not appear to have been acknowl-
edged in Cook county." The only question in the case,
presented for our consideration, is whether or not the
trial court erred in admitting in evidence the instrument
in question.

*First*—If the instrument introduced in evidence was a
chattel mortgage, we should have no hesitancy in hold-
ing that it was properly acknowledged and recorded in
accordance with the statute of this State in relation to
chattel mortgages.

It is said, that the acknowledgment appended to the
instrument contains no venue, and no information by
which the county, in which such acknowledgment was
taken, can be identified. It is true, that the name of the
county is omitted from the caption which precedes the
acknowledgment. But the justice, before whom the ac-
knowledgment was taken, signs his name and designates

himself as justice of the peace for the town of South Chicago. Circuit courts in Illinois will take judicial notice of the county in which an incorporated town is located.

In *Higgins* v. *Bullock*, 66 Ill. 37, we decided that the court will take judicial notice of the names of the counties in this State.

In *Kile* v. *Town of Yellowhead*, 80 Ill. 208, it was decided that the court will take judicial notice of the number of a township.

In *Thompson* v. *Haskell*, 21 Ill. 214, it was held that the court is presumed to know its own officers and all public officers in civil affairs within its jurisdiction.

In *Shattuck* v. *People*, 4 Scam. 477, an objection was made to a recognizance, that it did not appear of what county certain officers were justices; and we there said: "The circuit court, as a matter of convenience, takes cognizance of the fact who are justices of the peace for the county in which it is held." (*Irving* v. *Brownell*, 11 Ill. 402; *Stout* v. *Slattery*, 12 id. 162.)

In *People* v. *Suppiger*, 103 Ill. 434, we held that this court will take judicial notice of the county in which an incorporated town is situated, saying therein: "This court will take judicial notice the town of Highland is situated in the county of Madison, a county under township organization."

In view of these authorities, the court will take judicial notice of the fact, that the town of South Chicago is in the county of Cook, and will also take judicial notice of the fact that Thomas Bradwell was a justice of the peace in the county of Cook. Therefore, the mere omission of the name of the county in the caption does not invalidate the acknowledgment, because the county, in which the acknowledgment was taken, can be determined from the signature thereto. In *Chiniquy* v. *Catholic Bishop of Chicago*, 41 Ill. 148, it was objected to a certificate of acknowledgment that it was defective because it omitted in the caption the name of the county, but, in-

asmuch as the certificate of acknowledgment showed that it was taken before a clerk of the county court, who appended thereto his official seal, on which were delineated the words "Will County Seal," it was held, that the latter words were sufficient to indicate that the acknowledgment was taken in Will county.

It is also objected to the acknowledgment, that it does not show the residence of W. H. Luther, the party who acknowledged the instrument in question. Section 2 of the Chattel Mortgage act provides, that "such instruments shall be acknowledged before a justice of the peace of the town or precinct where the mortgagor resides." (2 Starr & Curt. Ann. Stat. p. 1632). The form of acknowledgment given in the same section provides, that, when the acknowledgment is made by a resident, the justice shall state in his certificate not only that the instrument was acknowledged before him, but that it was "entered" by him. The entry here referred to is the entry of a memorandum of the acknowledgment in his docket. The insertion of the words "and entered by me" in the acknowledgment is *prima facie* evidence, that the proper entry thereof was made in the docket of the justice. (*Schroder* v. *Keller*, 84 Ill. 46). In the acknowledgment in the present case we find the words "acknowledged before me by W. H. Luther and entered by me this 29th day of June, A. D. 1891." Inasmuch as the words "entered by me" are required to be inserted in the certificate when the acknowledgment is made by a resident, it will be presumed here that the justice did his duty, and that W. H. Luther was a resident of South Chicago in Illinois.

If, therefore, the instrument in question were such an instrument as is required to be recorded under the Chattel Mortgage act of this State, it could not be said that it was not properly acknowledged and properly recorded.

*Second*—But the question in the case, which has given us most trouble, is the question whether or not the instrument now under consideration is a chattel mortgage.

Section 1 of the Chattel Mortgage act provides: "That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interest of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purposes of this act, be deemed a chattel mortgage." (2 Starr & Curt. Ann. Stat. p. 1630). The instrument referred to in section 1 must be a mortgage, trust deed, or other conveyance of personal property which has the effect of a mortgage or lien upon such property. It cannot be said of the instrument here in question, that it is a conveyance of personal property, which has the effect of a mortgage or lien upon such property. By its terms it reserves no lien. It is a direction to the appellee to ship to the signer of the instrument a certain cash register, and contains a promise that the signer, upon the shipping of the register, will pay a certain amount in cash and give notes for the balance. There are in the instrument no words of actual transfer or conveyance from Luther to the National Cash Register Company; but the instrument expressly provides, that the title of the register shall remain in appellee until the full amount of the purchase money thereof is paid. It is true that the vendee, or signer of the instrument, was to retain the possession of the register, but the title thereof was to remain in the vendor.

It seems to be settled by the weight of authority, that "where by the written contract of the parties it is expressly provided that the title to the property shall remain in the vendor until the purchase money is fully paid, and there is no reservation of a lien, the transaction is a conditional sale and not a mortgage." (6 Am. & Eng. Ency. of Law,—2d ed.—p. 446). It is often difficult to

determine whether a particular transaction constitutes a mortgage or a conditional sale. Ordinarily the question is to be determined by showing what the intention of the parties was in reference to the matter; and when it is doubtful whether the transaction is a mortgage or a conditional sale, the courts are inclined to solve the doubt in favor of its being a mortgage. (5 id. p. 950; 6 id. 443). But the cases seem to hold, that there is no doubt as to the character of the instrument when, by its terms, personal property is delivered by the owner to another with the requirement that the title shall remain in the owner until the payment of the purchase price. In such case the transaction is uniformly held to be a conditional sale, and not a mortgage.

In *Plummer* v. *Shirley*, 16 Ind. 380, where an instrument was given upon a sale and delivery of personal property and provided that the ownership thereof was to remain exclusively vested in the vendor and not in the vendee, until the latter had fully paid the purchase money, it was held that the parties intended a conditional sale, and not a mortgage. To the same effect are the following cases: *Sumner* v. *Woods*, 52 Ala. 94; *Bingham* v. *Vandegrift*, 93 id. 283; *Jowers* v. *Blandy*, 58 Ga. 379; *Nichols* v. *Ashton*, 155 Mass. 205; *McComb* v. *Donald*, 82 Va. 903; *McGinnis* v. *Savage*, 29 W. Va. 362; *W. W. Kimball Co.* v. *Mellon*, 80 Wis. 133; "*The Marina*," 19 Fed. Rep. 760; *Vasser* v. *Buxton*, 86 N. C. 335; *Frick* v. *Hilliard*, 95 id. 117. The authorities thus quoted from and referred to lead us to the conclusion, that the instrument here under consideration describes a transaction which is a conditional sale, and not a mortgage.

Inasmuch as the instrument is not a chattel mortgage, the mere fact, that it was recorded in the manner in which a chattel mortgage is required to be recorded, does not constitute notice to third persons. Even though the instrument was recorded, judgment creditors of W. H. Luther or purchasers from him while he was in posses-

sion of the register, would not be postponed, in the assertion of their rights, to any claim of the appellee under such instrument. Webb in his work on Record of Title (sec. 249) says "that conditional sales do not come within the general provisions of the recording acts, nor of those requiring the registry of title mortgages." (*Campbell, etc. Co.* v. *Walker*, 22 Fla. 412). The learned author of the article on Conditional Sales, in the American and English Encyclopedia of Law, (2d ed. vol. 6, p. 496,) states the general holding of the authorities to be, that conditional sales are not within the provisions of the statutes requiring title mortgages to be recorded. In this State it is only the instrument of conveyance, which has the effect of preserving a mortgage or lien on the property, that must be recorded. (*Hervey* v. *Rhode Island Locomotive Works*, 93 U. S. 664). In *W. W. Kimball Co.* v. *Mellon, supra,* where it was held that a contract for the sale of personal property, in which it was agreed that the title of the property should remain in the vendor and the possession in the vendee until payment of the debt, was not a mortgage but a conditional sale, it was held that such a contract cannot be filed as such, so as to be constructive notice under the recording acts. (*McComb* v. *Donald, supra*).

The cash register, referred to in the record in this case, was levied upon under an execution against W. H. Luther while it was in possession of the latter. We think that such execution creditor was entitled to hold the register under his levy as against the appellee, claiming under the contract for a conditional sale hereinbefore referred to. In Illinois "if a person agrees to sell to another a chattel on condition that the price should be paid within a certain time, retaining the title in himself in the meantime, and delivers the chattel to the vendee so as to clothe him with an apparent ownership, a *bona fide* purchaser or execution creditor of the latter is entitled to protection as against the claim of the original vendor." (*Harkness* v. *Russell*, 118 U. S. 678; *Brundage* v. *Camp*, 21

Ill. 329; *McCormick* v. *Hadden*, 37 id. 370; *Murch* v. *Wright*, 46 id. 487; *Michigan Central Railroad Co.* v. *Phillips*, 60 id. 190; *Lucas* v. *Campbell*, 88 id. 447; *VanDuzor* v. *Allen*, 90 id. 499). Whatever may be the rule in other jurisdictions, it is well settled in this State that the owner of personal property will not be permitted to sell it, either absolutely or conditionally, and still continue in possession of it. The party in possession of personal property is presumed to be the owner of it, possession being one of the strongest evidences of title to personal property. "To suffer, without notice to the world, the real ownership to be in one person and the ostensible ownership in another, gives a false credit to the latter and in this way works an injury to third persons." (*Hervey* v. *Rhode Island Locomotive Works, supra*).

In *Van Duzor* v. *Allen, supra*, we held that a *bona fide* creditor, who, under a judgment and execution, acquires a lien on property while in the actual possession of a vendee by delivery from the vendor, or taken and held by his consent, occupies the same position in all respects as does a *bona fide* purchaser from such vendee.

The case of *Hooven, etc. Co.* v. *Burdette*, 153 Ill. 672, is not opposed to the views herein expressed. In that case it was held that a contract of sale of machinery, reserving the title in the seller until notes given for the purchase money are satisfied, is valid as between parties, although not recorded. Such is undoubtedly the law. (6 Am. & Eng. Ency. of Law,—2d ed.—p. 440). The *Burdette case, supra*, merely held that the assignee of a failing debtor under the Assignment act takes the property assigned subject to all equities, liens or encumbrances which existed against the same in the hands of the insolvent; and that such a contract, being valid as between the vendor and vendee, would also be valid as between the vendor and assignee of the vendee under the Assignment act, the latter taking no greater or different rights than those which the vendee had before the assignment.

For the reasons here stated we are of the opinion, that the trial court erred in admitting the instrument in question in evidence.

Accordingly the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views here expressed.

*Reversed and remanded.*