## John Matthews Apparatus Co. v. Minor B. Neal et al.

1. ESTOPPEL—*Of Plaintiff in Replevin by His Affidavit and Declaration.*—A plaintiff having charged in an affidavit on which a writ of replevin is issued and in his declaration that the officers hold possession and wrongfully detain the property in question, is in no position to urge the invalidity of the levy for the reason that the officers did not take control and possession of it.

2. EXECUTION—*Where Property is Not Subject to, etc.—Incomplete Sales.*—A party ordered a soda fountain, agreeing to pay for it partly in cash and partly in notes, but upon its delivery to him by the carrier refused to comply with the terms of the sale on his part or to make the payments as agreed. He afterward sold out his business, but expressly reserved the soda fountain, informing the purchaser that it was the property of the persons from whom he had ordered it, and was subject to their order. It was *held* that the sale of the fountain was not complete and that the title to it was still in the original vendors and not subject to levy and sale for the debts of the person ordering it.

Replevin.—Appeal from the County Court of DeWitt County: the Hon. C. C. STALEY, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900. Rehearing denied May 17, 1900.

Statement.—In May, 1896, F. H. Magill & Co., a firm engaged in the restaurant business at Clinton, Illinois, ordered of appellant a soda fountain and fixtures. The order was in writing, made through appellant's traveling salesman. It was as follows:

"Contract With John Matthews Apparatus Company,
Manufacturers of Soda Apparatus, etc., New York.

"Please furnish the following goods on the terms and conditions mentioned below, title to said goods to remain with the John Matthews Apparatus Company until all the payments are made. Deliver biggest kind of rush to transportation company, New York, marked F. H. Magill & Co., Clinton, DeWitt county, Illinois:—

"One Matthew soda fountain with all fixtures, price $670.13. Terms of payment: $65 when apparatus is received, and $22.50 per month for five summer months, and $15 per month for seven winter months, with interest at six per cent until paid. Settlement to be by notes and your regular agreement, which I hereby agree to sign. There are no other conditions or agreements with your salesman, except herein stated.

"Signed: Magill & Co., Clinton, Illinois.
"References: H. A. Magill and John Warner & Co."

Appellant shipped the fountain to Magill & Co., and mailed to John Warner & Co., bankers at Clinton, a draft for $65 on Magill & Co., a number of blank promissory notes, some for $22.50 each and others for $15, and a chattel mortgage on the apparatus, to be executed by them. Warner & Co. were unable to collect the draft or procure the execution of the notes and mortgage, and they were returned to appellant. In the meantime Magill & Co. set the fountain and commenced using it.

About the 10th of July, Magill & Co. sold their restaurant outfit to William Fitzsimmons, expressly reserving the soda fountain apparatus, and stating to Fitzsimmons that it did not belong to them but was the property of the John Matthews Apparatus Co. On the morning of the 13th of July they delivered possession of the restaurant to Fitzsimmons and requested him to notify appellant that the soda fountain was held by him subject to its order. Late in the afternoon of that day, writs of attachment in suits

against Magill & Co., in the hands of a constable, and a distress warrant for rent, due from Magill & Co., were levied upon the fountain as the property of Magill & Co. A few days afterward the sheriff of the county also levied upon the fountain by virtue of an execution issuing on a confessed judgment against Magill & Co.

As soon as appellant was apprised of the above mentioned levies, it began this suit, being replevin in the County Court against the officers who had made the levies. The officers justified under the writs, alleging that the fountain was the property of Magill & Co. and subject to levy. A trial was had by the court, without a jury, which resulted in a finding for the defendants and a judgment for the return of the property or the payment of the several amounts specified in the writs as due from Magill & Co.

O. E. HARRIS and EDW. J. SWEENEY, attorneys for appellant.

E. B. MITCHELL and MOORE, WARNER & LEMEN, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

Counsel for appellant urge a reversal of the judgment in this case because of insufficiency of the levies of the writs under which appellees, as officers justified, and because the property levied upon was not the property of Magill & Co., but the property of appellant.

The first contention is predicated upon the fact that the officers did not take actual control and possession of the property at the time of indorsing the alleged levies upon the writs. The contention may be dismissed with the remark that appellant, having charged in the affidavit on which the replevin writ issued and the declaration, that the officers held possession of and wrongfully detained the property, is in no position to urge invalidity of the levy for the reason that the officers did not take control and possession of it.

We do not think the soda fountain apparatus was subject to levy as the property of Magill & Co. Our opinion is not based upon the stipulation contained in the written order set out in the statement of facts, that title to property should remain in appellant until all payments for it should be made, but upon the fact that Magill & Co. failed and refused to comply with the terms of the order; that they at all times disclaimed ownership in the property, and before it was levied upon turned it over to Fitzsimmons as the property of appellant.

The terms upon which the property was shipped were a cash payment of $65 on receipt of the fountain, and simultaneously therewith, the execution of promissory notes for $605.13, payable to appellant and secured by a chattel mortgage. Magill & Co. failed to make the cash payment and refused to execute the notes and mortgage. It is contended that the refusal was based upon a claim of Magill & Co. that the apparatus leaked. The cashier of the bank holding the draft and other papers, testified that such was his recollection and that the papers were returned for that reason. There is no testimony in the record showing that the apparatus did in fact leak; but it is undisputed that Magill & Co. refused to pay the cash drafts and refused to execute the notes as provided by the terms of their order. The record is barren of any evidence tending to show that Magill & Co. ever treated the sale as completed or assumed to be the owners of the property. Upon the contrary, they at all times, so far as the evidence discloses, disclaimed to be the owners of the property, and when they sold out their restaurant outfit expressly reserved the fountain and told their purchaser that appellant was the owner of it. They put it in the possession of their purchaser and directed him to notify appellant that he held it subject to appellant's order.

Counsel for appellees cite the case of Gilbert v. The National Cash Register Co., 176 Ill. 288, in support of the judgment below and as decisive of the controversy. That case is clearly distinguishable from the one at bar. There

the purchaser, W. H. Luther, gave to the Cash Register Company a written order, similar to the one given in this case, in which he agreed to pay for a cash register $25 in cash and ten promissory notes for $15 each, payable monthly. The register was delivered, and being satisfactory was accepted. As the order contained the agreement that the register should remain in the possession of the purchaser, but title in the vendor until payment of the notes should be made, the parties treated the order as a chattel mortgage and had it acknowledged and recorded as such. A few months afterward the register, with other property in possession of Luther, was levied upon by virtue of an execution against him in favor of one Matthews, and sold by the sheriff. The National Cash Register Company brought suit against the sheriff and recovered the value of the register. The question before the Supreme Court was, whether the written order was a chattel mortgage within the meaning of the statute, and it was held that it was not. The question here is, whether the sale was complete. We hold that it was not. The property was not accepted in compliance with the order, and at the time of being levied upon was not even in the possession of the defendants in the execution.

The judgment of the court below will be reversed and the cause remanded.