Charles Kennedy, Appellee, v. Henry D. Middleton and Madge Middleton, Appellants.

Gen. No. 38,769.

Opinion filed January 27, 1937.

EARL B. DICKERSON and W. ROBERT MING, JR., both of Chicago, for appellants; EARL B. DICKERSON, of counsel.

GEORGE C. ADAMS, of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago entered in a replevin suit, wherein

and whereby the possession of certain personal property was awarded to the plaintiff.

The record in the case indicates that prior to March 19, 1931, one Mary Smith was indebted to plaintiff in the sum of approximately $450, and that by a writing, she conveyed the property in question to the plaintiff; that on April 19, 1931, the plaintiff reconveyed the property to Mary Smith by a conditional sales contract in writing, signed by both parties, in which it is recited that the consideration for such reconveyance is the sum of $350, which Mary Smith agreed to repay at the rate of $5 per month, without interest, until the whole amount should be paid. It is also recited in this contract that the title to the property shall not pass to the buyer with delivery, but shall remain vested in the seller until the entire purchase price is paid; that upon default by the buyer in the payment of any instalment, then, and in that case, the entire price remaining unpaid shall become due and payable at the seller's option, and that the seller might, without notice, take possession of the property as the seller's own and individual property, free and clear of any claim by the buyer, and retain any and all payments made as liquidated damages. It is further provided in this contract that the buyer grants to the seller the right to enter at any time any premises where the property might be located and take possession of the same.

Plaintiff testified that after the execution of this agreement, and at the request of Mrs. Smith, he moved the property to 6425 Langley avenue, in the city of Chicago, and delivered it to a Mr. Burdette, Mrs. Smith's son-in-law, and that Mrs. Smith never paid any part of the balance due on the conditional sales contract. He further testified that thereafter he found the property in the possession of the defendants in

another apartment than that to which he delivered the property, and demanded possession of it.

Henry D. Middleton, one of the defendants, was called by the plaintiff, for cross-examination, and testified, in substance, that Mr. Burdette and Mrs. Smith rented an apartment from him as joint tenants; that there was a verbal lease to them of the property, and that the two of them paid the rent; that the lease was verbal; that the first one to rent the apartment was Mrs. Smith, and that Mrs. Burdette brought to the plaintiff whatever rent was paid.

On her own behalf, Madge Middleton, one of the defendants, testified that the personal property in question was delivered to her by Mrs. Smith; that prior to that time, the furniture was on the first floor of the flat building in which the parties lived, and that about March 15, 1934, she caused the furniture to be moved to the second floor, where the witness resided; that at that time, Mrs. Smith owed the defendants a considerable amount of rent, and that Mrs. Smith told the witness to hold the furniture, and that "We are going to Ohio. We are not going without paying you. Just hold the furniture until you get your money." On cross-examination, this witness was shown certain receipts, nine in number, for payments of rent to her beginning October 16, 1933, and ending March 7, 1934, all of which were made out to John Burdette, and signed by "M. W. Middleton" and Madge Middleton, defendants. These receipts were afterwards received in evidence on behalf of the plaintiff. On behalf of the defendants, there was also offered and received in evidence a statement delivered to the defendants by Mrs. Smith, which is as follows:

"The furniture in the apartment at 6440 Evans Avenue is the property of Mrs. Mary L. Smith and is not

to be moved from said apartment without the permission of Mrs. Smith and until rent is paid in full.

(signed) Mary L. Smith.

March 15, 1934.

Chicago, Ill.''

When this document was exhibited to Mrs. Smith while she was on the stand, she testified that the words ''until rent is paid in full,'' as shown in the document, were added after she signed it. On behalf of plaintiff, there was offered and received in evidence a document signed by John Burdette, by the terms of which he assigned certain wages due to him, to Henry D. Middleton, one of the defendants.

John Burdette testified on behalf of the plaintiff that he signed the lease and paid the rent for the apartment occupied by him, and that he, alone, was responsible for the full amount of the rent agreed to be paid; that in March, 1934, the defendant Middleton gave the witness a five-days' notice; that Mrs. Smith was in and out, and only came to the premises as a visitor, and that when he moved out, he left the furniture in question in the possession of the defendant.

In *Horvitz v. Leibowitz,* 274 Ill. App. 196, the defendant in a foreclosure proceeding had a deficiency judgment entered against him. From the statement of the case, as made by the court, we learn that the intervening petitioner in the foreclosure proceeding had installed refrigerators in the apartment building, which was the subject of the foreclosure proceeding, under a conditional sales contract exactly similar to that in the instant case, by the terms of which the petitioner retained the title to the property and the right to take possession of the same until the whole amount due for the chattels was paid. The court there held that the receiver of the property appointed in the foreclosure suit, was without authority to seize these refrigerators in satisfaction of the deficiency judg-

ment, and that the petition of the intervening petitioner who had sold the refrigerators, should be sustained, and said:

"Section 20 of the Uniform Sales Act, ch. 121a, Cahill's Revised Statutes, 1931, par. 23 (enacted in 1915), provides: 'Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may, by the terms of the contract or appropriation, reserve the right of possession or property in the goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer. . . .'

"Long prior to the passage of this act conditional sales contracts were recognized and enforced in this State except as against bona fide purchasers and execution creditors. In 1898 our Supreme Court in *Gilbert v. National Cash Register Co.*, 176 Ill. 288, a leading case on the subject, said at pp. 294, 295:

" 'It seems to be settled by the weight of authority that "where by the written contract of the parties it is expressly provided that the title to the property shall remain in the vendor until the purchase money is fully paid, and there is no reservation of a lien, the transaction is a conditional sale and not a mortgage.' (6 Am. & Eng. Ency. of Law, — 2d ed. —, p. 446.) . . . The cases seem to hold, that there is no doubt as to the character of the instrument when, by its terms, personal property is delivered by the owner to another with the requirement that the title shall remain in the owner until the payment of the purchase price. In such case the transaction is uniformly held to be a conditional sale, and not a mortgage. In *Plummer v. Shirley*, 16 Ind. 380, where an instrument was given upon a sale and delivery of personal property and provided that the ownership thereof was to remain exclusively vested in the vendor and not in the

vendee, until the latter had fully paid the purchase money, it was held that the parties intended a conditional sale, and not a mortgage. To the same effect are the following cases: *Sumner v. Woods*, 52 Ala. 94; *Bingham v. Vandegrift*, 93 id. 283; *Jowers v. Blandy*, 58 Ga. 379; *Nichols v. Ashton*, 155 Mass. 205; *McComb v. Donald*, 82 Va. 903; *McGinnis v. Savage*, 29 W. Va. 362; *W. W. Kimball Co. v. Mellon*, 80 Wis. 133; *'The Marina'*, 19 Fed. Rep. 760; *Vasser v. Buxton*, 86 N. C. 335; *Frick v. Hilliard*, 95 id. 117.''

In the instant case, there is a contrariety of evidence as to whether or not Mrs. Smith ever became a tenant of the defendants. It is claimed by her, as already stated, that the words in the document she delivered to Mrs. Middleton, ''and until rent is paid in full,'' were added after the execution of the document by Mrs. Smith. The body of the document appears to be in a different handwriting than that of the signer, and Mrs. Smith's statement in this regard, may or may not be true. However, the trial judge saw and heard the witnesses, and was in a better position to pass upon their credibility than we are. We can arrive at no other conclusion than that, under the conditional sales contract, and in view of all the facts in the case, plaintiff had the right to the possession of the property, and that the judgment of the municipal court should not be disturbed. Therefore, it is affirmed.

*Affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.