THE SHERER-GILLETT COMPANY, Appellee, *vs.* J. W. LONG, Appellant.

*Opinion filed October 28, 1925.*

1. SALES—*one cannot transfer better title than he has—estoppel.* As a general rule no one can transfer a better title than he has, but the owner of goods attempted to be sold by another may by his conduct be precluded from denying the seller's authority to sell.

2. SAME—*what will estop owner from denying another's authority to sell.* To estop an owner from denying another's authority to sell he must by act or word have made a representation of such authority, and the person setting up the estoppel must have acted on the faith of the representation in such a way that he cannot, without damage, withdraw from his transaction.

3. SAME—*giving another possession does not estop owner from denying authority to sell.* Possession is only one of the indications of title, and so long as possession of a chattel is not accompanied by some indicium of ownership or the right to sell, giving another possession does not preclude the owner from denying the right to sell.

4. SAME—*Uniform Sales act recognizes a conditional sale with reservation of title.* Under the Uniform Sales act, which recognizes the validity of a conditional sale with reservation of title in the seller, where there is no basis for an estoppel no title can be passed by the buyer of goods under such a contract though he has possession of the goods and the purchaser from him has no notice of the reservation.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

V. L. LINDERHOLM, for appellant.

WINTERS, STEVENS, RISK & GRIFFITH, and JAMES G. ELSDON, (GEORGE M. STEVENS, and JULIAN C. RISK, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The sole question presented for decision in this case is whether under the law of this State in effect April 5, 1924, a reservation of title by the seller is good against a *bona fide* purchaser from a buyer in possession under a contract of conditional sale. The question arises out of the following transactions: April 3, 1924, appellee, the Sherer-Gillett Company, entered into a contract of conditional sale with H. C. Taylor for the sale of a display counter to be used by Taylor in his grocery store, by which Taylor agreed to pay $10 in cash and $10 each month until the full purchase price was paid, the title to remain in appellee until full payment of the purchase price had been made. Two days later Taylor sold the counter to appellant, J. W. Long, for $100, Long then having no notice of the reservation of title under the contract of conditional sale and no notice of any rights of appellee. The Appellate Court for the First District reversed a judgment of the municipal court entered in favor of appellant in an action of replevin brought by appellee and granted a certificate of importance allowing this appeal.

Before sales became a subject of uniform legislation it was settled by an overwhelming weight of authority that the seller is not estopped by his conduct in delivering the possession of goods to the buyer upon a contract of conditional sale from asserting his title against one who purchases from the buyer, relying upon the apparent title of the latter, (1 Williston on Sales,—2d ed.—sec. 324; *Harkness* v. *Russell & Co.* 118 U. S. 663, 7 Sup. Ct. 51; *Arnold* v. *Chandler Motors,* (R. I.) 123 Atl. 85;) but in this State we had held that a delivery of personal property to the purchaser upon a contract of conditional sale, with a retention of title in the seller, amounts to constructive fraud, which postpones the right of the real owner in favor of those who have dealt without notice with the conditional vendee, who

318—28

has been given the indicia of ownership. (*Gilbert* v. *National Cash Register Co.* 176 Ill. 288; *Brundage* v. *Camp,* 21 id. 329.) Uniformity in the law of the several States pertaining to sales being deemed essential to the commercial welfare of the country, leaders of the American bar prepared and submitted to the legislatures of the several States a uniform sales act and a uniform conditional sales act. The former was adopted in this State in 1915 and is the law to-day. By section 20 of the act the validity of a contract of conditional sale is recognized. Section 23 declares the law of this State respecting the transfer of title to be that theretofore declared by the great majority of the courts of this country. It provides: "Subject to the provisions of this act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell."

It is a general, well-established principle that no one can transfer a better title than he has. (*Drain* v. *LaGrange State Bank,* 303 Ill. 330; *Williams* v. *Merle,* 11 Wend. 80, 25 Am. Dec. 604.) *Nemo plus juris ad alium transferre potest quam ipse habet.* Section 23 declares, in harmony with the settled law of estoppel, that the owner of the goods may by his conduct be precluded from denying the seller's authority to sell. In order to give rise to an estoppel, however, it is essential that the party estopped shall have made by act or word a representation, and that the person setting up the estoppel shall have acted on the faith of this representation in such a way that he cannot without damage withdraw from the transaction. (1 Williston on Sales,—2d ed.—sec. 312.) What representation has appellee made upon which appellant has relied to his damage? What conduct of appellee precludes it from denying the seller's authority to sell? It did not clothe Taylor with indicia of

title. Clothing another person with indicia of ownership does not mean simply giving him possession of a chattel. Possession is one of the indications of title, but possession may be delivered by the owner to a lessee, a bailee, an agent or a servant. Owners of chattels must frequently entrust others with their possession, and the affairs of men could not be conducted unless they could do so with safety, so long as the possession of the chattel is not accompanied by some indicium of ownership or the right to sell. (*Drain* v. *LaGrange State Bank, supra.*) Whether the legislature should adopt the companion act, which provides for the recording of contracts of conditional sale, is not for this court to decide. The Uniform Sales act recognizes the validity of such contracts and specifically provides that no title can be passed by the purchaser of goods under such a contract "unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." There is no basis for the operation of an estoppel in this record.

In *National City Bank* v. *National Bank,* 300 Ill. 103, after discussing the purpose of uniform legislation, the court, in laying down a rule of construction to be followed in the consideration of a uniform law, said: "The court must take the act as it is written and should give to the words used their natural and common meaning. The law was enacted for the purpose of furnishing in itself a certain guide for the determination of all questions covered thereby, * * * and, so far as it speaks without ambiguity as to any such question, reference to case law as it existed prior to the enactment is more likely to be misleading than beneficial. If the provisions of the act harmonize with the general principles of commercial law in force before its enactment those principles should be followed, but if the language of the act conflicts with statutes or decisions in force before its enactment the courts should not give the act a strained construction in order to make it harmonize with earlier statutes or decisions. If this is done

the very purpose of the act is defeated. In order to keep the law as nearly as may be uniform, the courts of all the States should keep in mind the spirit and object of the law and should give to the language of the act a natural and common construction, so that all might be more likely to come to the same conclusion." To the same effect is the statement of the Supreme Court of the United States in *Commercial Nat. Bank* v. *Canal-Louisiana Bank and Trust Co.* 239 U. S. 520, 36 Sup. Ct. 194.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*