Ignatz Krysiak, Appellee, v. Dennis J. Egan, Bailiff of the Municipal Court of Chicago, on appeal of R. A. Goodwin and L. R. Alexander, Appellants.

### Gen. No. 31,339.

1. CHATTEL MORTGAGES—*when chattel mortgage executed by attorney in fact invalid as against prior judgment creditors.* A chattel mortgage executed by an attorney in fact is invalid as against prior judgment creditors when the power of attorney appointing the attorney in fact was not acknowledged as required by the statute, Cahill's St. ch. 95, ¶ 2.

2. CHATTEL MORTGAGES—*when power of attorney not acknowledged.* Where a chattel mortgage is followed by a certificate of acknowledgment and the latter by a power of attorney authorizing the attorney in fact to acknowledge the mortgage, and the acknowledgment does not refer in terms to either the mortgage or the power of attorney, but refers to the person "whose name is subscribed to the foregoing instrument," it must be regarded as an acknowledgment of the chattel mortgage and not the power of attorney.

Appeal by defendants from the Circuit Court of Cook county; the Hon PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed February 7, 1927.

GOLDEN & KAGAN, for appellants.

WILLIAM A. BITHER, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by Dennis J. Egan, Bailiff of the Municipal Court of the City of Chicago, R. A. Goodwin and L. R. Alexander, the defendants, from a judgment against the defendants in an action of replevin. The action in replevin was brought by Ignatz Krysiak, the plaintiff, to recover the possession of an automobile which was held by the bailiff by virtue of an execution levied under a judgment, which was recovered by the defendants, R. A. Goodwin and L. R. Alexander, against John Wiktarowicz.

The plaintiff, Krysiak, claims the right to the possession of the automobile under a chattel mortgage executed by Wiktarowicz to secure a note for $400 given to Krysiak by Wiktarowicz. The chattel mortgage was signed under the name of "Victorowicz." The judgment against Wiktarowicz, in the action brought by R. A. Goodwin and L. R. Alexander, was in the name of "Wiktarowicz." When the chattel mortgage was executed Wiktarowicz knew of the existence of the judgment against him. Wiktarowicz testified that both names, Wiktarowicz and Victorowicz, were used by him as signatures.

Counsel for the defendants ask for a reversal of the judgment on two grounds; first, that the chattel mortgage is invalid in that it purports to be executed by Alexander Mach, as attorney in fact, and that Wiktarowicz' power of attorney appointing Mach as attorney in fact was not acknowledged by Wiktarowicz in accordance with section 2 of chapter 95, relating to mortgages [Cahill's St. ch. 95, ¶ 2], requiring a power of attorney to be acknowledged; and second, that the name "Victorowicz" on the chattel mortgage index would not be notice to the public that the chattel mortgage was executed by "Wiktarowicz."

In our opinion the first contention is correct. In this view it will not be necessary to consider the second contention.

Section 2, after prescribing the form of the power of attorney, provides as follows:

"Said instrument, authorizing the acknowledgment by attorney in fact as herein specified, shall be signed by the mortgagor and shall be acknowledged before any officer authorized to take acknowledgments of deeds."

In the case of *W. W. Kimball Co. v. Polakow*, 268 Ill. 344, the court said (p. 348): "A chattel mortgage is a form of lien unknown to the common law and is a creature of the statute. * * * The statute being in

derogation of the common law it must be strictly construed. If not executed, acknowledged and recorded as provided by statute a chattel mortgage is invalid as to those not parties or privies to it."

In the case at bar the evidence shows that Wiktarowicz signed a power of attorney under the name of "Victorowicz," appointing Alexander Mach attorney in fact, but there is no direct evidence that Wiktarowicz acknowledged the power of attorney. It is contended by counsel for the plaintiff, however, that the evidence shows inferentially that the power of attorney was acknowledged by Wiktarowicz.

After the signature to the mortgage this certificate of acknowledgment appears:

"State of Illinois ⎱
"County of Cook ⎰ ss.

"I, FRANK MACH, a notary public, in and for said county and state, do hereby certify that John Victorowicz, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

"Given under my hand and official seal this first day of September, A. D. 1923.

Frank Mach,
" (Seal)                    *Notary Public.*"

Immediately following the above certificate of acknowledgment is a power of attorney signed by Wiktarowicz under the name of "Victorowicz":

"I, John Victorowicz, the mortgagor, do hereby make, constitute and appoint Alexander Mach, attorney in fact to appear for and in my behalf before clerk of the Municipal Court of Chicago and acknowledge the execution of the within instrument in my name and for me for all purposes as I might do, with the same force and effect.

"Given under my hand and seal this 1st day of September, A. D. 1923.

John Victorowicz (Seal)

*Mortgagor."*

Counsel for the plaintiff contends that although the acknowledgment precedes the power of attorney in the order in which they appear on the mortgage, it is evident that the acknowledgment is an acknowledgment of the power of attorney. We do not agree with this contention. It will be observed that the acknowledgment does not refer in terms to the power of attorney, nor does it contain any notation that would connect it with the power of attorney. On the contrary the acknowledgment refers to the "foregoing instrument," and the "foregoing instrument" is the chattel mortgage. In order that it may be held that the statute has been substantially complied with, it will be necessary to presume that the words "foregoing instrument" refer to the power of attorney. But we do not think that we should indulge such a presumption, since the statute must be strictly construed.

It is true that we have given a rigid interpretation to the statute, but the statute is explicit in its provisions, and, furthermore, it is mandatory and not directory since a fair interpretation of the statute indicates that the leglislature intended a compliance with the statutory provisions to be essential to the validity of a chattel mortgage. 36 Cyclopedia of Law and Procedure, pp. 1158, 1159.

The statute is explicit even to the extent of specifically prescribing the form of the power of attorney, and the statute imperatively directs that the power of attorney "shall be" signed and acknowledged by the mortgagor.

For the reasons stated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.