Merchants and Manufacturers Securities Company, Appellee, v. Charles E. Graydon, Sheriff of Cook County, Illinois, et al., Appellants.

Gen. No. 32,375.

Opinion filed March .26, 1928.

FRED A. GARIEPY, for appellants.

WALTER A. MYER, for appellee; PHILIP D. HOFFMAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of replevin against the sheriff and "John Doe" to recover possession of two taxicabs which the sheriff had in his possession by virtue of an execution issued under a judgment rendered in the superior court of Cook county. The taxicabs were taken from the sheriff and delivered to the plaintiff. Afterwards the two Cunninghams intervened as defendants, the case was tried before the court without

a jury, the court found that plaintiff was entitled to possession of the taxicabs, assessed its damages for the detention of the taxicabs at one cent, judgment was entered on the finding and the defendants appeal.

Plaintiff claimed to be entitled to the possession of the taxicabs by reason of two chattel mortgages. There is no dispute as to the facts but the defendants contend that the chattel mortgages were invalid because not acknowledged as required by the statute.

The evidence shows that Edward G. Bennett of No. 3808 Grand boulevard, Chicago, on March 11, 1926, made his promissory note for $2,250, payable to himself and by him indorsed, and on the same day executed a chattel mortgage conveying one of the taxicabs in question to the Moller Sales Company to secure payment of the $2,250 note. On April 3rd Bennett, the mortgagor, appeared before R. M. Grove, a notary public, who certifies that said Bennett "is personally known to me to be the same person whose name is subscribed to the foregoing mortgage, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument," etc. This acknowledgment by the notary is printed on the back of the chattel mortgage. On the face of the chattel mortgage, which is the ordinary printed form, is the following paragraph:

"The undersigned hereby appoints Roy Borg as attorney-in-fact to appear for the undersigned before the Clerk of the Municipal Court of Chicago * * * and acknowledge the execution of this instrument in the name of the undersigned for all purposes as the undersigned could do with the same force and effect." Then follows the date and the signature of Bennett.

It further appears that on May 18, 1926, Bennett, by Borg, his attorney in fact, acknowledged the chattel mortgage before the clerk of the municipal court of Chicago and that it was afterwards recorded in the recorder's office of Cook county. The note was in-

dorsed by the Moller Sales Company, the mortgagee, and it assigned the mortgage to the plaintiff.

The defendants contend that the mortgage is invalid because, it is said, the appointment of Borg by the mortgagor Bennett, as the latter's attorney in fact, was not acknowledged as the statute requires; that the acknowledgment by Bennett was an acknowledgment of the chattel mortgage and not of the appointment of the attorney in fact. We think this contention cannot be sustained. The preparation of the chattel mortgage and the acknowledgment of the appointment of an attorney in fact are very badly done. All that was necessary for the mortgagor to do was to appoint Borg as his attorney in fact and acknowledge such appointment before a notary public, but he purported to acknowledge the chattel mortgage before the notary. This was a nullity because the statute requires that chattel mortgages made in Chicago be acknowledged before the clerk of the municipal court or a deputy of that court. But we think the acknowledgment in question was an acknowledgment of the appointment of the attorney in fact because it states that the mortgagor who subscribed to the "foregoing mortgage" acknowledged "the said instrument." The "said instrument" was the chattel mortgage and the appointment of the attorney in fact. We hold that the acknowledgment was valid as to the appointment of the attorney in fact. We do not mention the other note and chattel mortgage because they are substantially the same as the one which we have discussed.

This case is unlike the case of *Krysiak v. Egan*, 243 Ill. App. 310, which is relied upon by the defendants. In that case the chattel mortgage was followed by a certificate of acknowledgment and later there was added the appointment of a person as an attorney in fact, authorizing the attorney in fact to acknowledge the mortgage. The acknowledgment there referred to the "foregoing instrument" and it was held that the

"foregoing instrument" was the chattel mortgage and not the appointment of the attorney in fact. In the instant case the acknowledgment is of the "said instrument" and said instrument was the chattel mortgage as well as the appointment of the attorney in fact. We hold that the acknowledgment, although badly arranged, complies with Cahill's St. ch. 95, ¶ 2.

A further point made seems to be, as stated by counsel, that "plaintiff here was estopped from recovering on his taking possession after the mortgagor Bennett was in default, and, as such, we contend their action was a fraud on the creditors of the mortgagor"; that the default was for a period of six days before replevin was brought. Obviously there is no merit in this point because Cahill's St. ch. 95, ¶ 4, states that a chattel mortgage is a good lien for a period of 90 days after default.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*