**In re ERCO AMUSEMENT CO.**
**BURROUGHS ADDING MACH. CO. v. MILLER.**
No. 4266.

Circuit Court of Appeals, Seventh Circuit.
March 3, 1930.

614

William E. Buder, of St. Louis, Mo., for appellant.

Philip G. Listeman, of East St. Louis, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

PAGE, Circuit Judge.

On December 14, 1928, appellant sold and delivered to bankrupt, under what is admittedly a conditional sales contract, one adding machine. The adjudication in bankruptcy was on February 23, 1929, and a reclamation petition, filed March 12, 1929, to take the adding machine from the trustee, was denied.

The contract provided that the title should remain in the vendor until the purchase price was fully paid in cash. It was also provided:

"Option 1–10 days, 2 per cent. discount, 30 days net;

"If the total purchase price is paid with the order, or within ten days of invoice date, a discount of 2 per cent. on the cash involved will be allowed. From and after the expiration of 30 days, interest will be charged at 6 per cent. per annum on all unpaid balances."

Appellee's position is that the purchase price became due within thirty days after the date of the contract, and that because appellant did not then take possession it is estopped from asserting any rights as against the trustee, who, under the Bankruptcy Act (section 47(a)(2) [11 USCA § 75(a)(2)]) is "vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

All questions here involved, except that of estoppel, were decided in John Deere Plow Co. v. Hamilton (C. C. A.) 19 F.(2d) 965.

Dayton Scale Co. v. General Market House Co., 248 Ill. App. 279, relied on by appellee is not in point here. After reciting the facts, covering a number of years and several transfers, the court there held the vendor estopped, saying: "This is in no way in conflict with Sherer-Gillett Co. v. Long, 318 Ill. 432 [149 N. E. 225]—because this case comes within the exception stated that 'unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.' The plaintiff in this case was so precluded from the facts above recited."

In the Sherer-Gillett Case, the court, after quoting section 23 of the Uniform Sales Act, in force in Illinois (Laws 1915, p. 613), said: "Section 23 declares, in harmony with the settled law of estoppel, that the owner of the goods may by his conduct be precluded from denying the seller's authority to sell. In order to give rise to an estoppel, however, it is essential that the party estopped shall have made by act or word a representation, and that the person setting up the estoppel shall have acted on the faith of this representation in such a way that he cannot without damage withdraw from the transaction. 1 Williston on Sales (2d Ed.) § 312."

Whether there is an analogy, as urged by appellee, between an Illinois chattel mortgage and a conditional sales contract, in the matter of taking possession upon default, we do not decide, but suggest that the cases cited by appellee on this point, except the above cited Dayton Scale Case, are under the Illinois statute as it was prior to the amendment of 1921 to the Chattel Mortgage Act (Laws of Ill. 1921, p. 569), wherein it is by that amendment provided that a chattel mortgage shall be valid until 90 days after the maturity of the debt. Bower v. Popp, 241 Ill. App. 568; Merchants Co. v. Graydon, 248 Ill. App. 201, 204.

Appellant retained the title in a manner sanctioned by the law of Illinois, and that title did not, because of its failure to pay the purchase price, pass to the bankrupt. Appellant did no act, either of omission or commission, on the faith of which the trustee changed his position.

The order of the District Court is reversed, with directions to proceed in harmony with this opinion.