A. V. Silverthorne and Martin H. Eakle, Trading as Commercial Insurance Agency, Appellee, v. Paul Chapman, Appellant.

Gen. No. 33,915.

Heard in the third division of this court for the first district at the October term, 1929. Opinion filed December 10, 1930.

TIMOTHY J. FELL, for appellant; ALBIN A. PETERS, of counsel.

R. ROBERT FISCHER, for appellee; SEYMOUR M. LEWIS, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

In September, 1927, A. V. Silverthorne, plaintiff herein, advanced funds to one J. S. Bousquet for the

purchase of a Cadillac automobile. Bousquet bought the car, delivered the same to Silverthorne, and entered into a so-called conditional sales agreement with Silverthorne, which contained a provision that "title to the car and extra equipment shall not pass by delivery to the buyer, but shall remain vested in and be the property of the seller or assigns, until the purchase price has been fully paid." One thousand one hundred and twenty-five dollars was the price stipulated in the agreement. This was evidenced by Bousquet's judgment note in the sum of $1,125, payable to Silverthorne in instalments of $50 on the 29th day of each succeeding month. Four hundred and fifty-five dollars was paid on account of said note by Bousquet, the last payment having been made on March 21, 1929. Thereafter Bousquet continued in default on his payments until the car was caused to be seized on June 6, 1929 under a writ of alias *fieri facias* issued out of the superior court upon a judgment rendered against Bousquet and in favor of Paul Chapman, the defendant herein. At the date of the attachment all except $75 of the entire indebtedness evidenced by the note had become due and payable. Bousquet retained constant possession of the automobile during this period and until its seizure.

It is not contended that Chapman extended credit to Bousquet in reliance upon his ownership of the car, nor that he knew of the existing conditional sales contract.

Upon the trial of the right of property the county court found for the plaintiff and entered judgment accordingly. The sole question presented for decision by this appeal is whether under the Uniform Sales Law of this State, Cahill's St. ch. 121a, ¶ 4 *et seq.,* a reservation of title by the seller is good against a judgment creditor of the buyer in possession under a contract of conditional sale.

By section 20 of the Uniform Sales Act in effect June 29, 1915, Cahill's St. ch. 121a, ¶ 23, the validity of a contract of conditional sale is expressly recognized. Section 23, in harmony with the settled law of estoppel, provides that "where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, *unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.*" Defendant contends that the conduct of Silverthorne in allowing Bousquet to retain possession of the car long after he had defaulted in his payments under the contract without exercising any of the rights given to the vendor under the agreement, and thus clothing him with the indicia of ownership, amounted to an estoppel within the meaning of section 23, and that as a result thereof Silverthorne should be precluded from denying Chapman's paramount right.

The answer to this contention is twofold. Under the plain provisions of section 23, the theory of estoppel may be invoked only by a purchaser from a conditional vendee and cannot be urged in favor of a judgment creditor. Furthermore, in order to give rise to an estoppel, it is essential that the party estopped shall have made, by act or word, a representation and that the person setting up the estoppel shall have acted on the faith of this representation in such a way that he cannot, without damage, withdraw from the transaction. (*Sherer-Gillett Co. v. Long,* 318 Ill. 432.)

It appears from this record that Chapman in no way relied upon the ownership of the car by Bousquet in extending credit to him, and that Silverthorne neither said nor did anything which might be construed to constitute an estoppel. Therefore section 23 is clearly not applicable to the facts in this case.

It is urged, however, that a forceful analogy exists between a conditional sales contract and a chattel mortgage, and from this it is argued that the failure of Silverthorne to declare the entire debt due upon default in the payment of several instalments amounted to fraud *per se* as to Chapman, aside from the provisions of section 23. *Dayton Scale Co. v. General Market House Co.*, 248 Ill. App. 279, 283, is relied upon by defendant in support of his contention. This case, however, was reversed and remanded by the Supreme Court (*Dayton Scale Co. v. General Market House Co.*, 335 Ill. 342), upon the theory that there was a resale within the provisions of section 23, and that the cause should have been remanded to the trial court for the purpose of admitting evidence in support of defendant's contention that the conditional vendor was estopped by his conduct from denying the seller's authority to sell. Moreover, the analogy contended for between a conditional sale and a chattel mortgage does not operate in favor of the defendant, because under the chattel mortgage decisions in this State, the mortgagee is not obliged to declare a forfeiture upon default in one or more of several payments, unless he sees fit to do so, but may wait until the entire debt secured by the mortgage has become due. (*Keelin v. Postlewait Co.*, 259 Ill. 130, at 136, and cases therein cited.)

In the instant case the last instalment had not become due under the terms of the contract when the seizure of the automobile was made, and according to the provisions of the conditional sales agreement it was not incumbent on Silverthorne to exercise any of his rights until the full maturity of the debt.

For the reasons herein stated we are of the opinion that the trial court properly entered a finding and judgment in favor of the plaintiff, and the same will accordingly be affirmed.

*Affirmed.*

WILSON, P. J., and HEBEL, J., concur.