Motor Acceptance, Inc., Appellant, v. James E. Newton and L. Hughes, Appellees.

 Opinion filed June 4, 1931.

Frank E. Doyle, for appellant.

Ben M. Creamer, for appellees.

Mr. Presiding Justice Barry delivered the opinion of the court.

On December 14, 1929, appellee, James E. Newton, purchased an automobile from the Harding Motor Co., under a conditional sale contract. On the same day appellant purchased the contract and note. On Feb-

ruary 1, 1930, the first instalment became due and the purchaser failed to pay the same. Under the terms of the contract appellant then became entitled to the immediate possession of the car. On February 14, 1930, Newton delivered the car to appellee L. Hughes, and requested Hughes to make repairs, which he did, to the amount of $50. Appellant didn't know that the car had been delivered to Hughes for repairs and did not authorize Hughes to make repairs.

By reason of the premises Hughes claimed he was entitled to a lien on the car under section 1 of the Garage Keeper's Lien Act, Cahill's St. ch. 82, ¶ 45, and that he had the right to retain possession thereof until his lien was paid. Appellant sued out a writ of replevin and procured the possession of the car. A jury was waived and the court found that Hughes had a lien upon the car for $50 which was prior to the rights of appellant under its conditional sale contract. The court entered an order giving appellant 10 days within which to pay Hughes the $50 or to return the car, and if it failed to make such payment it was ordered that a writ of *retorno habendo* should issue.

The writer of this opinion, as circuit judge, decided this identical question in favor of the holder of the conditional sale contract, and the judgment was affirmed. *Standard Motors Securities Corp. v. Yates Co.*, 257 Ill. App. 394. We are of the opinion that if section 1 of the Garage Keeper's Lien Act, Cahill's St. ch. 82, ¶ 45, should be construed as contended for by appellees, the Act would be unconstitutional.

The rights of a vendor under a conditional sale contract are no longer subject to claims of a judgment creditor or purchaser without notice unless the vendor is barred by his conduct. The mere fact that the vendor permits the vendee to have possession of the property does not estop him from recovering the same. *Sherer-Gillett Co. v. Long*, 318 Ill. 432. Hughes has

a lien upon the car for $50 but that lien is subsequent to the rights of appellant. At the time this suit was begun and at the time of the trial appellant was entitled to the possession of the car. If Hughes desires to protect his lien he must pay appellant's claim against the car. *Ehrlich v. Chapple,* 311 Ill. 467.

The judgment is reversed and cause remanded with directions to enter judgment in favor of appellant in accordance with the views herein expressed.

*Reversed and remanded with directions.*