J. C. Haines, Appellee, v. T. W. Doss, Appellant.

Gen. No. 8,703.

Opinion filed January 16, 1933.

W. A. Doss and CARL I. GLASGOW, for appellant.

GREEN & PALMER, for appellee; WILLIAM G. PALMER, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This appeal involves a trial of the right of property, instituted by appellee, J. C. Haines, against appellant, T. W. Doss, in the county court of Piatt county.

On December 22, 1930, Haines sold to William H. Dubson an automobile for the purchase price of $575.50

under a written conditional sales contract, wherein the purchaser, Dubson, paid in cash to Haines $255.50 and agreed to pay the $320, balance due on the purchase price, in two instalments, one of $220 on the first day of March, 1931, and the other, $100, on the first day of September, 1931. In this conditional sales contract it was provided that the title to, ownership and right of possession of said automobile was retained by and vested in Haines, the seller, until the entire purchase price shall have been paid in full in money, at which time the ownership of the automobile shall pass to the purchaser. Dubson never made the payments in the amounts and at the times provided for in the contract but did make several small payments thereon up to December 9, 1931, and paid the interest on the balance of the amount due up to March 4, 1932.

On April 19, 1932, appellant, Doss, recovered a judgment by confession in the county court of Piatt county against said Dubson in a sum exceeding $400 and on July 19, 1932, caused an execution to be levied upon said automobile to satisfy said judgment.

The last payment under the conditional sales contract became due September 1, 1931, and Haines, appellee, permitted Dubson to retain possession of the car for 10 months thereafter and for seven months after the last payment was made thereon. It has been frequently held that if a mortgagee permits a mortgagor to retain possession of chattel property embraced in a chattel mortgage an unreasonable length of time after the mortgage becomes due the lien provided thereby will expire as to subsequent purchasers and judgment creditors of the mortgagor. *Bower v. Popp,* 241 Ill. App. 568; *Albert Pick & Co. v. Spoor,* 212 Ill. App. 612; *Dayton Scale Co. v. General Market House Co.,* 248 Ill. App. 279. Chattel mortgages are required to be recorded and the public are charged with notice thereof. Conditional sales contracts are

secret or private liens of which the public can generally have no knowledge. We can see no reason why the secret liens of conditional sales contracts should be endowed with greater potency than liens provided by chattel mortgages. To hold that the vendor in a conditional sales contract should be protected with a perpetual lien until the article sold is completely paid for would open the doors to unlimited fraudulent transactions and might extend its protection to the vendor and also to the vendee in such a contract against other creditors of the vendee for at least the period provided by the statute of limitations. It is our opinion that a vendor should assert his rights under a conditional sales contract within a reasonable time after the expiration of the time of the final payment thereunder.

Counsel for appellee rely largely upon the case of *Silverthorne v. Chapman,* 259 Ill. App. 289. However sound the reasoning in that case may be, the rule there announced is inapplicable to the facts in the case under consideration. In that case the proofs show that while defaults in some of the payments provided by the contract had been made, yet the time for making the final payment under the contract had not expired when the execution was levied upon the automobile. The court in that case held: ''In the instant case the last instalment had not become due under the terms of the contract when the seizure of the automobile was made, and according to the provisions of the conditional sales agreement it was not incumbent on Silverthorne to exercise any of his rights until the full maturity of the debt.'' In the present case the maturity of the debt had expired 10 months prior to the levy of the execution and in our opinion appellee, having failed to exert his rights under the contract with Dubson for such a period of time, is now estopped from doing so as against the rights of appellant as a judgment creditor.

Appellant is the wife of W. A. Doss who is an attorney-at-law and acted as her attorney in taking the judgment against Dubson. Dubson's son, three days before the execution was levied upon the automobile, told W. A. Doss that Haines, appellee, had a mortgage on the car and wanted his money and asked W. A. Doss to loan him the money with which to pay Haines. It is now claimed by appellee that appellant was charged with notice that Haines had some rights in the car through the information received by her husband as her attorney. Appellee had no mortgage on the car, and, while a client is chargeable with notice of all material facts coming to the knowledge of her attorney in connection with the subject of his employment, the erroneous information he received from Dubson's son would not be sufficient to charge her with notice of appellee's claim by virtue of the conditional sales contract.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*