Harold E. Thomas, Trading as Thomas Farm Equipment Company, Appellee, v. State Bank of Saybrook, Appellant.

Gen. No. 9,495.

Opinion filed February 28, 1946.
Released for publication March 26, 1946.

Dwight H. Doss, of Monticello, for appellant.

JOHN M. MITCHEM and ELMER F. DAVIES, both of Urbana, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

On November 15, 1943, Harold E. Thomas, doing business as Thomas Farm Equipment Company, on receiving a down payment, sold and delivered to Clarence P. Carter a piece of farm machinery, known as a combine, on a conditional sales contract, by which contract Carter agreed to pay therefor $408.43 in instalments of $194.53 on August 15, 1944, and $213.90 on November 15, 1944, with interest. The contract provided that the title to the combine should remain in the vendor until the full payment of the purchase price and interest had been made.

From November 15, 1943, and thereafter until the levy hereinafter referred to, Carter continued to have possession of said combine under said conditional sales contract.

On March 27, 1945, the State Bank of Saybrook obtained a judgment by confession against Carter on two notes, evidencing moneys borrowed by Carter from the bank in the Spring and Fall of 1944. Thereafter an execution was issued on such judgment and by virtue of such execution the sheriff made a levy on such combine. Thereupon this trial of right of property proceeding was begun in the county court. The case was tried without a jury, and the county court entered judgment in favor of the claimant Thomas, and ordered that the property be returned to Thomas. The bank brings this appeal from such judgment.

In *Sherer-Gillett Co. v. Long,* 318 Ill. 432, the Sherer-Gillett Co. sold and delivered to one Taylor, under a conditional sales contract, a display counter to be used by Taylor in his grocery store, by which contract Taylor agreed to pay $10 in cash and $10 each month until the full purchase price was paid, title to remain in the vendor until full payment of the pur-

chase price had been made. Two days later Taylor sold the counter to one Long for $100. Long had no notice of the rights of the Sherer-Gillett Co. The Sherer-Gillett Co. brought an action in replevin against Long. The Supreme Court held that the Sherer-Gillett Co. was entitled to recover the property.

While the facts in the *Sherer-Gillett Co.* case differ from the facts in the instant case in that in such case the attempted sale to the bona fide purchaser took place before the indebtedness became due under the conditional sales contract, yet in passing on such case the Supreme Court used persuasive language which we feel we should be guided by and follow in the instant case. The Supreme Court there said: ''By section 20 of the act (of the Uniform Sales Act, Ch. 121–½ Rev. Stats.) the validity of a contract of conditional sale is recognized. Section 23 . . . provides: 'Subject to the provisions of this act, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.' It is a general, well-established principle that no one can transfer a better title than he has. . . . Section 23 declares, in harmony with the settled law of estoppel, that the owner of the goods may by his conduct be precluded from denying the seller's authority to sell. In order to give rise to an estoppel, however, it is essential that the party estopped shall have made by act or word a representation, and that the person setting up the estoppel shall have acted on the faith of this representation in such a way that he cannot without damage withdraw from the transaction. . . . What representation has appellee made upon which appellant has relied to his damage? What conduct

of appellee precludes it from denying the seller's authority to sell? It did not clothe Taylor with indicia of title. Clothing another person with indicia of ownership does not mean simply giving him possession of a chattel. Possession is one of the indications of title, but possession may be delivered by the owner to a lessee, a bailee, an agent or a servant. Owners of chattels must frequently entrust others with their possession, and the affairs of men could not be conducted unless they could do so with safety, so long as the possession of the chattel is not accompanied by some indicium of ownership or the right to sell. . . . Whether the legislature should adopt the companion act, which provides for the recording of contracts of conditional sale, is not for this court to decide. . . . There is no basis for the operation of an estoppel in this record.''

In *American Type Founders Co. v. Metropolitan Credit & Discount Corp.*, 271 Ill. App. 380, the Founders company on October 15, 1929, sold and delivered to Van Hoesen company certain machines on a conditional sale contract, the last payment on which became due on April 15, 1931. On April 15, 1931, the Founders company, notwithstanding the indebtedness had fully matured, did not repossess the property. In November 1931, the Metropolitan Corp. loaned the Van Hoesen company $3,750, to secure which the Van Hoesen company gave the Metropolitan Corp. a chattel mortgage which covered all of the personal property of the Van Hoesen company, including the property so sold by the Founders company. The mortgage was recorded the next day. On April 5, 1932, the Metropolitan Corp., as mortgagee, took possession of all of such personal property and caused the same to be sold at public auction on April 9, 1932, to an agent of the Metropolitan Corp. On April 11, 1932, the Founders company brought an action in replevin, which case eventually reached the Appellate Court.

After considering the *Sherer-Gillett* case, *supra*, and other cases, including the case of *Haines v. Doss*, 269 Ill. App. 179, hereafter referred to, the Appellate Court held that by merely permitting the Van Hoesen company to continue to retain possession of such personal property after the indebtedness on its conditional sales contract became due on April 15, 1931, until November 1931, when the chattel mortgage was given to the Metropolitan Corp., and thereafter, the Founders company was not estopped from successfully maintaining the replevin suit.

In so doing the Appellate Court quoted with approval the following language from the case of *In re Steiners Improved Dye Works*, 44 F. (2d) 557: "There is no statute of limitation, touching the time during which the possession and right of property may be retained by the seller, nor is there any limitation as to the time within which the seller must retake the property in case of default. There is nothing in the statute to indicate that the seller, under such a contract, is subject to any limitation other than the general statute of limitations applicable to written contracts. We see no reason, if the purchase price is not fully paid, why the seller may not act at any time within the period of limitations unless he is estopped. An estoppel is based upon a wrong. (*Sherer-Gillett Co. v. Long*, 318 Ill. 432; *Commercial Nat. Bank of New Orleans v. Canal-Louisiana Bank & Trust Co.*, 239 U. S. 520.) It is not here insisted that anybody was injured by any act or failure to act on the part of appellee. The failure of appellee to take possession upon default did not induce any one to pursue a course of action to his hurt."

In the instant case the only ground of estoppel claimed against Thomas is that he thus permitted Carter to retain possession of the combine after the indebtedness became due on November 15, 1944, until the levy was made under the execution, a period of

about four and one-half months. It is our opinion that there is no merit to such contention.

While the case of *Haines v. Doss,* 269 Ill. App. 179, decided by this court (Third District) appears to be in point, it is our opinion that under the facts in the instant case no estoppel has been shown as against Thomas.

The judgment of the county court is affirmed.

*Affirmed.*