**Blanche Mendelsohn, as Trustee, Appellant, v. Albert J. Horan, Bailiff of Municipal Court, and Union Liquor Company, Inc., Appellees.**

**Gen. No. 45,829.**

 Opinion filed December
30, 1952. Released for publication January 28, 1953.

EMANUEL MORRIS, of Chicago, for appellant; JERROLD L. MORRIS, of Chicago, of counsel.

WEXLER & WEXLER and COHON & GOLDSTEIN, all of Chicago, for appellees; SAMUEL S. COHON, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff, Blanche Mendelsohn, trustee, filed her statement of claim in the municipal court of Chicago alleging herself to be the owner of certain equipment and fixtures valued at $1,000, which property was seized by defendant Albert J. Horan, Bailiff of the municipal court of Chicago, by virtue of a levy made under a writ of execution upon a judgment entered in favor of codefendant Union Liquor Co., Inc. and against David Cook, Jr. for $158.69. The Madison Corporation, intervenor, claimed possession of a television set and antenna, which were also seized in the above levy. Judgment was entered in favor of the Madison Corporation as to the property claimed by it, and in favor of defendants and against plaintiff as to the other property. From the latter order this appeal is prosecuted.

Plaintiff claims the property as assignee of a conditional sales contract. Defendant Union Liquor Co., Inc. claims the property as judgment creditor. It main-

93

tains that the alleged conditional sales contract is invalid and furthermore that the plaintiff is estopped by conduct from asserting any right superior to defendant's.

The contentions of the parties arise out of the following facts. On April 29, 1950 Mildred Schlossberg, as lessor, and Edward Cook Bey, as lessee, entered into a lease for the premises located at 114 East 43rd street, Chicago, to be occupied as a tavern and cocktail lounge for the term commencing May 1, 1950 and expiring April 30, 1953. Norman Schlossberg was then the owner of the chattels located in the premises, consisting of one bar complete with drainboards, 100 assorted glassware and 43 bar stools with leather tops, possession of which passed to lessee under paragraph 28 of the lease. This paragraph provided that ''the fixtures, furnishings and other personal property presently in the demised premises are presently the sole property of Norman Schlossberg,'' and recites that ''Norman Schlossberg has agreed to sell to the Lessee, and Lessee has agreed to purchase from Norman Schlossberg all of the fixtures and equipment contained in the demised premises for the sum of One Thousand Four Hundred ($1,400.00) Dollars payable at the rate of Seventy-five ($75.00) Dollars per month, the first payment to be due October 10, 1950 and Seventy-five ($75.00) Dollars shall be paid by the Lessee on the tenth day of each month thereafter until the entire purchase price has been paid in full. * * * In the event the Lessee fails to pay the full purchase price for such equipment when due, all payments shall become the property of Norman Schlossberg and Norman Schlossberg shall be entitled to re-take possession of such equipment. Title to such fixtures and equipment shall be and remain in Norman Schlossberg until payment hereunder is made in full.'' The lease was

94

signed by Mildred Schlossberg, Lessor-Sublessor; Edward Cook Bey, Lessee-Sublessee; and "as to sale of fixtures and equipment—Approved: Norman Schlossberg," and was received in evidence.

Subsequently, on March 5, 1951, this lease was assigned by Mildred Schlossberg to the plaintiff herein and approved by Norman Schlossberg. On the same date Norman Schlossberg executed to plaintiff an instrument in words as follows: "The fixtures, furnishings and other personal property (except the stock-in-trade) presently contained in the store at 114 East 43rd Street, Chicago, Illinois, subject to the rights of Edward Cook Bey acquired by him under the terms of that certain sublease demising to him the said premises, dated April 29, 1950, which said sublease has been assigned to the party of the second part simultaneously herewith." This agreement was also in evidence.

It appears from the testimony that Edward Cook Bey, the lessee under the Schlossberg lease, was never in actual possession of the premises but that the tavern which was operated therein was conducted by Edward Cook Bey's brother David Cook, Jr., and that the tavern license issued by the City of Chicago was issued to the latter. It further appears from the evidence that prior to the levy here under attack, levy was made on behalf of the Union Liquor Co., Inc., at which time there was brought to the attention of the Union Liquor Co., Inc. the alleged rights of plaintiff under paragraph 28 of the lease and under the alleged bill of sale from Norman Schlossberg, as a result of which this levy was released. It further appears that thereafter the attorney for the plaintiff and attorney for Union Liquor Co., Inc. entered into negotiations for the sale of the property to another client of the latter and that, this deal failing to materialize, plaintiff took possession of the premises together with the fixtures and equipment on November 3, 1951; that on November 7,

95

1951 the bailiff procured the keys to the premises and levied on the fixtures.

Plaintiff maintains that by virtue of the provisions of the lease and of the conditional sales agreement she acquired title to the chattels in question. Defendant denies that plaintiff ever acquired title for the following reasons: (1) that paragraph 28 of the lease is not a conditional sales contract; (2) that the conditional sales contract is invalid because there is no sufficient identification of the chattels which are the subject matter of the contract; and (3) that plaintiff is estopped by her conduct and that of her sublessor to claim any interest in the chattels.

██ We are of the opinion that paragraph 28 of the lease, while lacking many of the formalities of the usual conditional sales contract, clearly evidenced an intent on the part of Norman Schlossberg to sell conditionally to Edward Cook Bey the chattels in question. Moreover, if there is any doubt on this score, plaintiff acquired all right, title and interest of Schlossberg in the chattels by virtue of the formal sales agreement of March 5, 1951. We are of the opinion, from an examination of all the evidence in the case, that no facts or circumstances are shown which would permit the present defendants to complain of the agreement between Schlossberg and Cook or Schlossberg and plaintiff. We are further of the opinion that the chattels in question were sufficiently identified as to constitute a valid subject matter for a conditional sales contract. *Keller v. Rhodes*, 64 Ill. App. 36. Furthermore, both the lease and conditional sales contract were admitted in evidence without objection, when it was obvious that the only purpose which they could serve was to establish plaintiff's property rights in the chattels there described.

██ The trial court, from the remarks in the record, apparently decided the case on the grounds that be-

cause David Cook, Jr., the licensee of the tavern who is not a party to the lease and who had no claim to the chattels involved, was permitted to remain in possession of the chattels for a period of 2½ years, such conduct vested him with indicia of ownership within the meaning of section 23 of the Uniform Sales Act [Ill. Rev. Stats. 1951, ch. 121½, par. 23; Jones Ill. Stats. Ann. 121.27], and that the plaintiff, and the parties through whom plaintiff claims, are thereby estopped from asserting rights in derogation of defendant's. We do not agree with this contention.

██ There is no requirement under the Uniform Sales Act of this State that a conditional sales contract be recorded or that it be brought in any other way to the attention of creditors. Moreover, this court in the case of *Silverthorne v. Chapman,* 259 Ill. App. 289, in construing that Act, held that a reservation of title by the seller is good against a judgment creditor of the buyer in possession under a contract of conditional sale in the absence of any facts or circumstances giving rise to an estoppel. The court in this connection said at page 292:

"Under the plain provisions of section 23, the theory of estoppel may be invoked only by a purchaser from a conditional vendee and cannot be urged in favor of a judgment creditor. Furthermore, in order to give rise to an estoppel, it is essential that the party estopped shall have made, by act or word, a representation and that the person setting up the estoppel shall have acted on the faith of this representation in such a way that he cannot, without damage, withdraw from the transaction."

It is to be observed in the instant case that the defendant Union Liquor Co., Inc. is a judgment creditor and not a purchaser from a conditional vendee. Furthermore there is nothing in the record to indicate that the plaintiff or her privies in any way made any repre-

97

sentation upon which defendant Union Liquor Co., Inc. relied to its prejudice. The sole circumstance upon which the defendant relies to establish estoppel is the fact of possession by a nonowner of the chattels, but this circumstance is always present in conditional sales. In *Sherer-Gillette Co. v. Long,* 318 Ill. 432, the question presented for decision was whether or not reservation of title by a seller is good against a bona fide purchaser from a buyer in possession under a contract of conditional sale. The court in this leading case said (p. 435):

"Clothing another person with indicia of ownership does not mean simply giving him possession of a chattel. Possession is one of the indications of title, but possession may be delivered by the owner to a lessee, a bailee, an agent or a servant. Owners of chattels must frequently entrust others with their possession, and the affairs of men could not be conducted unless they could do so with safety, so long as the possession of the chattel is not accompanied by some indicium of ownership or the right to sell."

In *Motor Acceptance, Inc. v. Newton,* 262 Ill. App. 335, the court said (p. 336):

"The rights of a vendor under a conditional sale contract are no longer subject to claims of a judgment creditor or purchaser without notice unless the vendor is barred by his conduct. The mere fact that the vendor permits the vendee to have possession of the property does not estop him from recovering the same."

To the same effect are *Thomas v. State Bank of Saybrook,* 328 Ill. App. 184, and *Commercial Credit Corp. v. Horan,* 325 Ill. App. 625.

██ Defendant argues that under the Illinois Liquor law (Ill. Rev. Stat. chap. 43, par. 120 [1951; Jones Ill. Stats. Ann 68.027]) no license shall be issued to a person who does not own or have a lease on the prem-

ises for which the license is sought, and that every licensee shall cause his license to be framed and hung in plain view. We do not understand how this section of the statute has any application to the issues here under consideration. Assuming, but not deciding, that because David Cook, Jr. did not own the premises or have a lease thereon, the license was illegally issued to him, that fact has no bearing on the question of the ownership of the chattels. Cook's possession of the chattels was lawful by reason of permissive use, even though his possession of the license was not. It is not shown by any evidence here that the alleged illegal issuance of Cook's license was influenced in any manner by the conditional vendor or that he had knowledge of such fact. Moreover, assuming the license to have been illegally issued, it does not appear that such fact prejudiced any rights which the judgment creditor might otherwise have had in the chattels.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter finding of title to the property in plaintiff and judgment thereon directing defendant bailiff to surrender possession thereof to plaintiff.

*Judgment reversed and cause remanded with directions.*

ROBSON, P. J. and SCHWARTZ, J., concur.